W. B. GRUBBS ET AL. *v.* SUSAN COLLINS ET AL.

1. CIRCUIT COURT. *Pleading. No rejoinder to replication. Cured after verdict.*
   A plaintiff, who goes to trial without a rejoinder to his replication, cannot object to a verdict against him on that ground; but the defect is cured by Code 1871, § 622.

2. PLANTATION SUPPLIES. *Liability of wife's separate estate, under* § 1780 *Code* 1871. *Where husband is lessee.*
   Sect. 1780 Code 1871, making the wife's separate estate liable for plantation supplies purchased by her husband, applies to those plantations which are cultivated for her account and benefit, not to those which are in the possession and control of one to whom she has leased, although such tenant be her husband, who has made himself responsible for supplies furnished to his sub-lessees.

3. MARRIED WOMAN. *Family supplies and necessaries.*
   To hold the separate estate of a married woman liable for family supplies and necessaries, under Code 1871, § 1780, it is essential that her consent should be shown. *Cook* v. *Ligon, ante,* 368.

4. NEW TRIAL. *Newly discovered evidence. Affidavit must show diligence.*
   An affidavit in support of a motion for a new trial, which states that the affiant (the plaintiff's attorney) has discovered since the trial that the consideration of the note sued on was different from what it was proved on the trial, and, as an excuse for not knowing this before, states only that his client lives in an adjoining State, and the affiant in another county, is insufficient.

5. MARRIED WOMAN. *Pleading in action against. Declaration. Replication to plea of coverture.*
   If to an ordinary declaration on a promissory note the defendant pleads coverture, the plaintiff may reply such facts as show the liability of the married woman's separate estate; and, in such a case, the defendant cannot object on error that the declaration contains no cause of action. *Hardin* v. *Pelan,* 41 Miss. 112, cited.

ERROR to the Circuit Court of Leake County.

Hon. A. G. MAYERS, Judge.

The affidavit by one of the attorneys for the plaintiffs, filed in support of the motion for a new trial, stated that since the trial the counsel for the plaintiffs, who live in Memphis, Tennessee, had discovered from one Edwards, the payee of the note, who indorsed it to the plaintiffs, and from other sources, that the note sued on was given to release some of Mrs. Susan Collins's property from attachment; that the affiant lives in Attala County, and, although he questioned Edwards prior to suit, knew nothing of the facts stated in the affidavit until after the trial, and that the same is newly discovered evidence.

*W. L. Nugent,* for the plaintiffs in error.

1. The judgment should have been for the plaintiffs, because of their unanswered replication to the plea of coverture.

2. The whole jury trial was irregular. A bad declaration cannot be amended by a replication to a plea of coverture. The case should have been taken from the jury, and a repleader awarded, to have made an issue. 2 Tidd Pract. 921.

3. To sustain the proposition that the wife's separate estate is liable on the facts, the case of *Allen* v. *Johnson,* 48 Miss. 413, is relied upon.

*Raymond Reid,* for the defendants in error.

1. Upon the law and facts the verdict is correct; certainly, not manifestly wrong. 1 S. & M. 381; 12 S. & M. 605; 5 S. & M. 21.

2. The supposed newly discovered evidence is not sufficient to entitle the plaintiff to a new trial. (1.) Because it might have been discovered before the trial, if due diligence had been used. 12 S. & M. 608. (2.) It is not material nor competent, nor sufficient to make the property of Susan Collins, the wife, liable on the note. (3.) Such a contract for the release of the property was not one she was authorized to make. *Cary* v. *Dixon,* 51 Miss. 593.

3. The accounts on file show that the credit was given to the husband alone, and not to husband and wife jointly, and that it was wholly the husband's debt.

SIMRALL, C. J., delivered the opinion of the court.

Susan Collins pleaded coverture in bar of the plaintiffs' cause of action. To that plea the plaintiffs replied that the note sued on was for supplies advanced and furnished by G. C. Edwards to Susan Collins and her husband at their request, for the plantation of the said Susan, and family supplies purchased by her, and by her husband with her consent. The defendants did not take issue on the replication formally, nor otherwise answer or obviate it. The effect at common law would have been an admission of the truth of the replication; and the plaintiffs would be entitled to a judgment.

It is claimed in this court, notwithstanding the verdict and judgment for Mrs. Collins, that the judgment ought not to have been for her, because of her failure to traverse the matter of the replication, or to rejoin in avoidance of it. But precisely that condition of pleading is regulated by § 622 of the Code, which provides that " no judgment shall be stayed or reversed, after verdict, for any defect . . . from any misjoining of issue or failure to join issue." The statute intends that the parties shall settle the pleadings before trial; and if the objections to their completeness and formality are not made in proper time, neither party will be permitted after trial ending in verdict and judgment to complain of it. A most stringent application of that interpretation was made in *Phillips* v. *Cooper*, 50 Miss. 722. If the party omits to take advantage of a failure to traverse or avoid the plea or replication of his adversary, and in no wise calls the attention of the court to the matter, he cannot lie by until after verdict and judgment, and for the first time complain in the Appellate Court.

In this case, the plaintiffs put the case to the jury without the defendants' traverse or rejoinder to the replication. The contestation in evidence on the trial was as to the truth of the matter of the replication. Plainly the statute meant to estop the plaintiff, if the verdict was adverse to him, from averring that the testimony was irrelevant, because there was no issue. By going to the jury in that condition of the pleadings, he cannot find fault with the verdict and judgment for a mere failure to join issue. The bill of exceptions shows that the subjects controverted were whether the matter of the replication was

true; that is, whether Mrs. Collins had a separate estate, and whether the merchandise for which the debt was contracted was family necessaries, bought with her consent and on her credit, or plantation supplies for the wife, got by the husband or herself for that use. The evidence was addressed exclusively to the question as to the liability of the married woman, Mrs. Collins. It was conceded that she owned a separate estate, consisting of a plantation. Edwards, the payee of the note, gave this account of its origin and consideration: During the year he sold to J. A. Collins, the husband, plantation supplies and merchandise, such as were usually consumed by families, in payment for which the note, in the winter of 1875, after some consultation, was made and signed by J. A. Collins and Susan Collins. Mrs. Collins testified, that, in 1875, her husband, J. A. Collins, rented her plantation; that he furnished supplies to his tenants on the plantation and to others; that she let her husband have $81; that neither she nor her family consumed, except to a very trifling amount, any of the dry-goods; that she bought enough supplies for her family for cash. A son of Mrs. Collins supported the statement of his mother as to leasing the plantation to J. A. Collins, and said that his mother had nothing to do with the farm that year.

The court instructed the jury, that if they believed that Mrs. Collins was a married woman and owned a separate estate, and that the consideration of the note was goods and supplies furnished her, or for the benefit of her estate, they should find against Mrs. Collins and her husband; but that, if they did not so believe, they should find for her, and against J. A. Collins.

The point on which the case of *Guion* v. *Doherty*, 43 Miss. 538, 551, turned was, whether the goods were bought on the credit of the husband or wife. The point ruled was, that, although Mrs. Guion owned separate property, she would not be liable unless the goods were bought with her consent, and on her credit. It is not pretended that Mrs. Collins consented expressly or by implication that the family supplies and necessaries should be bought on her credit; under the statute her consent must be shown. Code, § 1780. That section makes the husband agent to purchase plantation supplies for the

wife's farm, but plainly applies only to those plantations which are cultivated for the wife's account and benefit, and not to those which she has leased, and which are in the possession and under the control of the tenant.

The husband had exclusive control of the plantation for the year 1875; the supplies taken up were for the use of his tenants on the farm and others to whom he made advances, and were not "plantation supplies" for account or benefit of the wife. The family necessaries and the supplies for the farm constituted the indebtedness to Edwards. The goods for family use were obtained on the credit of the husband. The wife had no interest in the farm during 1875; and the supplies consumed on it were not for "her plantation" in the sense of the statute, but for the benefit of the lessee. We think that the court charged the law correctly, and that the verdict was in accordance with the testimony. *Cook* v. *Ligon, ante,* 368.

The affidavit in support of the ground of the motion for new trial of newly discovered evidence does not meet the requirements of the law, and was insufficient.

Counsel for the plaintiffs in error insists that the declaration contains no cause of action against Mrs. Collins, because it does not show that the promissory note was founded on such consideration as would make her liable. We are asked to say that the ruling in *Hardin* v. *Pelan,* 41 Miss. 112, is incorrect. In that case, the replication to the plea of coverture brought the contract within the class of those that a wife having separate estate may make. In that case, as in this, the declaration did not disclose the coverture. It was put for the first time on the record by the plea. It was held to be no departure from the declaration to avoid the plea by alleging the consideration. That case has been subsequently recognized as law. If the declaration avers that the defendant is a married woman, and does not allege a legal liability, it would be bad on demurrer; but if silent on that subject, the defendant may plead coverture, which would defeat the action, unless obviated by the replication.

We think the verdict right, and        *Affirm the judgment.*