### BANK OF AMERICA *v.* BANKS.

1. Lands in Mississippi belonging to a married woman, which she, at a stipulated rent, leased to her husband, who entered thereon and cultivated them in his own name and for his own benefit, are not, during the term, her plantation, within the meaning of the statute of that State which enacts that all contracts of the husband and wife or either of them for supplies for her plantation may be "enforced, and satisfaction secured out of her separate estate."
2. A contract for such supplies will not bind the separate property of the wife, unless she be the beneficiary of the cultivation, and they in fact are purchased for her account and benefit.
3. A parol lease of lands in Mississippi for one year, made by a woman to her husband, is not invalid.
4. The recital in a deed of trust of her separate estate, executed by her and her husband, that it is given to secure her indebtedness, evidenced by her and his notes, does not estop her from showing that they were given for supplies furnished for a plantation, which he cultivated in his name and for his benefit.
5. In order to work an estoppel, the parties to a deed must be *sui juris* competent to make it effectual as a contract.

ERROR to the Circuit Court of the United States for the Southern District of Mississippi.

The facts are stated in the opinion of the court.

*Mr. W. B. Pittman* for the plaintiff in error.

*Mr. James R. Chalmers, contra.*

MR. JUSTICE CLIFFORD delivered the opinion of the court.

Married women, as the code of the State provides, may rent their lands or make any contract for the use of the same, and may loan their money and take securities for its payment, and employ it in trade or business; and the express enactment is that all contracts made by the husband and wife, or by either of them, to obtain supplies for the plantation of the wife, may be enforced and satisfaction secured out of her separate estate. Provision is also made that when a married woman engages in trade or business as a *feme sole* she shall be bound by her contracts made in the course of such trade or business, in the same manner as if she was unmarried. Code (Miss. 1871), sect. 1780.

Sufficient appears to show that Virginia Banks, one of the defendants, is a married woman, and that A. D. Banks, the other defendant, is her husband; that they executed three promissory notes, each for the sum of $2,000, payable to their own order, and that they indorsed the same in blank ; and that. the Bank of America, the plaintiff, is the lawful holder of the several notes.  Payment being refused, the plaintiff instituted the present suit, and prays judgment for the amount against her separate property.

Process having been served, the defendants appeared and pleaded three pleas in answer to the declaration : 1. That they never promised in manner and form as alleged.  2. That they had fully paid and satisfied the notes before the suit was instituted.  3. That said Virginia, when the notes were made and indorsed, was a married woman, and that the same were made and indorsed by her as the surety and accommodation indorser of her husband, for the purpose of enabling him to obtain money to carry on a plantation cultivated by him and not by his wife, and that the notes were not made and indorsed in payment of money and supplies furnished to the wife to enable her to cultivate a plantation belonging to her as her separate property, in accordance with a contract made to that effect with the plaintiff, and that the notes and indorsements as to her are without legal consideration, and that she is not liable to pay the same.

Prepayment was denied by the bank.  In its replication to the third plea of the defendants, it avers that the notes described in the declaration were not made and indorsed by the wife as an accommodation surety for the husband, as alleged in the third plea.  Instead of that, it alleges that the notes were made and indorsed by her in payment of necessary plantation supplies to enable her to cultivate her separate plantation ; that the same were furnished and delivered to her by certain commission merchants; and that the notes were given for the payment of such plantation and family supplies and necessaries for family use as a married woman is allowed by law to purchase on credit and to bind her separate estate therefor.

Leave to amend the declaration and replications was subsequently granted to the plaintiff, and it appears that amended

counts were filed in pursuance of the authority granted; but it is not necessary to reproduce the new pleadings, as they do not vary the material issues between the parties. Continuance followed, when the parties entered into a stipulation to waive a jury, and that the matters of fact, as well as of law, should be tried by the court. Hearing was had, and the findings of the Circuit Court are as follows: 1. That the husband was discharged before the commencement of the suit from all liability upon the notes, as alleged in his plea. 2. That said Virginia was a married woman at the time she executed the notes, and the wife of the other defendant, as averred in defence. 3. That the notes were executed not to secure any existing indebtedness, but as a security for such advances in money and supplies as the parties to whom the notes were delivered might thereafter make upon the order of the husband, for plantation purposes. 4. That the parties to whom the notes were delivered did thereafter make large advances to the husband, in money and supplies, that remain unpaid, of which an amount as large in value as the aggregate of the three notes was forwarded to the parties and used in the cultivation of two plantations owned by the wife and her two children by a former marriage; that the husband was cultivating those two plantations during the year in question, on his own account and in his own name, under a verbal contract of lease made by him with his wife for a stipulated money rent. 5. No proof was exhibited that the parties to whom the notes were delivered or the plaintiff knew whether the wife was or was not interested in such plantation enterprise; but the court finds that they did know of her interest in the property of the plantations, and that the whole of the account was kept in the name of one of the plantations, and that it contained many items for supplies furnished for another plantation in the cultivation of which the husband was interested, and other items having no relation to plantation matters. 6. That a deed of trust of one of the plantations was executed by the husband and wife contemporaneously with the making of the notes to secure the payment of the same, in which it is recited that it is made to secure the indebtedness of the wife. Based on these findings, the Circuit Court rendered judgment for the defendants; and

the plaintiff excepted, and sued out the present writ of error. All the facts are found by the court, and the only error assigned is that the court misapplied the law to the facts.

Marriage, by the rules of the common law, gave the husband a freehold tenure in the estates of inheritance in land of the wife, and the right to the rents and profits during their joint lives. During coverture the husband must sue in his own name for any injury to the profits of the land, but for an injury to the inheritance it was required that the wife must join in the action. 2 Kent, Com. (12th ed.) 131.

Money, goods, and personal chattels in possession vested absolutely in the husband, and became his property as completely as property purchased with his own money; and such property never went back to the wife unless given to her by the husband in his lifetime or by his will, and in case of his death it vested in his executors. Choses in action did not vest absolutely in the husband, but he acquired the power to sue for and recover or release or assign the same, and when recovered and reduced to possession, and not otherwise, the money in most cases became absolutely his own.

Husband and wife during coverture were regarded as one person at common law in most respects, from which it followed as a general rule that the wife could neither sue nor be sued without joining her husband. Great changes in the rules of the common law in that regard were made, even before the colonies separated from the parent country. Deeds of indenture in transferring the real property of the wife, with the consent of the husband, were substituted in the place of fine and recovery; and when it became settled that the wife might hold a separate estate, many other exceptions to the rule that she could neither sue nor be sued without joining the husband were sanctioned by judicial authority.

Exceptions almost without number have been admitted by the courts, and many more have been added to the catalogue by legislation, until in some jurisdictions it is difficult to say that there is any thing left of the ancient rule. Questions of the kind in the State of Mississippi depend almost entirely upon statute regulations and the decisions of the State courts in construing those provisions.

Contracts made by the wife at the period mentioned in the declaration, or by the husband with her consent, for family supplies or necessaries, including wearing-apparel of herself and of her children, or for their education, or for buildings on her land or premises and the materials therefor, or for work and labor done for the use, benefit, or improvement of her separate estate, were by statute declared to be binding on her, and that satisfaction might be had for the same out of her separate property. Code 1857, sect. 25, p. 336.

Supplies for the comfort, convenience, and maintenance of the family and the education of her children must be contracted for by the wife, and, if not purchased directly by her but by the husband, they imposed no liability on her separate property, unless the husband had her consent to act. Unlike that, the rule is that supplies for her plantation, or for the repairs or improvement of her separate estate, or for work, labor, and services in cultivating the same, the contracts may be made by husband and wife, or either of them. *Clopton* v. *Matheny*, 48 Miss. 286, 295.

Orders for supplies to her plantation, if filled, bind the separate property of the wife, whether bought by herself or her husband with or without her consent, the rule being in that State that the husband is for that purpose the agent of the wife *in invitum*, and that he is made so by legislative enactment. Code 1871, sect. 1780; id. 1857, 336. Her separate estate is bound for such supplies, even when purchased by the husband without her direction. *Cook* v. *Ligon*, 54 Miss. 368, 373.

Nothing, say the court in that case, will discharge her estate save an express contract that it shall be released, or something equivalent to it. Neither the acceptance of the note of the husband nor the recovery of the judgment on such note will have that effect. Plantation supplies may include money advanced for the purpose of purchasing the same, — farming utensils, working stock, or other things necessary for the cultivation of a farm or plantation, which latter designation must depend upon the usage and custom of agricultural pursuits. *Herman & Co.* v. *Perkins*, 52 id. 813.

Express statutory provision exists in the State that a married woman may rent her lands or make any contract for the use

thereof, and may loan money in her own name, take securities therefor, and employ it in trade or business; and it is equally clear that she may rent her separate estate to her husband as well as to strangers. *Robinson & Stevens* v. *Powell*, Sup. Court Miss., not reported.

Beyond doubt, the two plantations belonged to the wife and her two children by a former marriage, but it is equally certain that the husband cultivated the same, during the year in question, on his own account and in his own name, under a verbal contract of lease made by him with his wife for a stipulated money rent. Supplies for the plantation of the wife, whether purchased by her or by the husband, bind her separate estate; and if she had cultivated these two plantations during the year referred to, the plaintiff would be correct, but the finding of the Circuit Court shows conclusively that she did not cultivate either of them during that year. Her authority to lease the premises is not denied, and the finding of the court establishes the fact that she did not cultivate either plantation during the period when these supplies were furnished.

Leased premises cultivated by the husband in his own name and for his own benefit are not plantations of the wife, within the meaning of the section of the statute which enacts that all contracts made by the husband and wife, or by either of them, may be enforced and satisfaction had out of her separate estate. Code 1871, sect. 1780; Code 1857, p. 336.

Nor is the contract in this case one made by the husband with the consent of the wife, which may also be satisfied out of her separate property. Nothing of the kind is pretended; and if it were, it could not be supported for a moment, as the findings of the court do not contain any thing to give such a proposition the least countenance whatever.

Suppose the plantations were leased to the husband and were cultivated by him that season in his own name and for his own benefit, still it is suggested by the plaintiff that neither the party to whom the notes were delivered nor themselves had any knowledge of the lease, or that the husband purchased the supplies without the consent of the wife or authority of law. Even if that be conceded, it will not benefit the plaintiff, as it only shows that it acted improvidently and without due caution, the

settled decision of the courts of the State being that the provision that makes the husband the agent of the wife to purchase plantation supplies for her plantation applies only to those plantations which are cultivated for the wife's account and benefit, and not to those she has leased and which are in the possession and under the control of the tenant. *Grubbs* v. *Collins*, 54 Miss. 485, 489.

Enough appears in the findings of the court to show that the plantations were in the exclusive control of the husband, and that the supplies were procured for the use of his employés, and that they were not plantation supplies for account or benefit of the wife. Neither the words of the statute nor the decisions of the State courts permit such a contract to be enforced against the separate property of the married woman. In order that the contract may bind the separate property of the wife, she must be the beneficiary of the cultivation, and the supplies must in fact have been purchased for her account and benefit. Her plantation, says Simrall, C. J., is the predicate of her power to make the contract, and, he adds, that a false representation that she has such property will not estop her from averring that the fact is otherwise.

Nor does the statute oblige her to pay for property purchased on credit, the rule being that such an obligation cannot be enforced. Contracts made in the purchase of supplies for the cultivation of her own plantation, where the cultivation is on her own account and for her own benefit, may be enforced against her separate property. Previously, says the Chief Justice, the word was used by the law-maker to include all those things required and used by the planter in the production and preparation of the crops for consumption and sale.

If it be said that the family must be supported, and that the term ought to embrace food and raiment for them, the answer to the suggestion is furnished by a subsequent part of the same section, which provides that supplies, necessaries, and conveniences for the family are not necessarily chargeable on the wife's property. She is not liable for such expenses, unless she bargains to be, or unless the husband, with her consent, buys them on her account. *Wright* v. *Walton*, Sup. Court, Miss., not yet reported. Verbal contracts of lease, not exceeding the

term of one year, are valid by the laws of the State. Code 1871, sect. 2892.

Much discussion of the question of estoppel is unnecessary, as it is clear that a married woman cannot, by her own act, enlarge her capacity to convey or bind her separate estate. *Palmer* v. *Cross*, 1 Smed. & M. (Miss.) 46.

Facts recited in an instrument may be controverted by the other party in an action not founded on the same instrument, but wholly collateral to it. Recitals of the kind may be evidence for the party instituting the suit, but they are not conclusive. *Carpenter* v. *Buller*, 8 Mee. & W. 209, 213; Herman, Estoppel, sect. 238; *Lowell* v. *Daniels*, 2 Gray (Mass.), 161, 169; *Champlain* v. *Valentine*, 19 Barb. (N. Y.) 485, 488.

In order to work an estoppel, the parties to a deed must be *sui juris* competent to make it effectual as a contract. Hence a married woman is not estopped by her covenants. Plainly the wife was not competent to purchase supplies for the plantation of the husband, and therefore cannot be estopped by these recitals. Bigelow, Estoppel, 276; *Jackson* v. *Vanderheyden*, 17 Johns. (N. Y.) 167.

Viewed in the light of these suggestions, it is clear that there is no error in the record. Tyler, Inf. and Cov. 726.

*Judgment affirmed.*