## LYMAN HADLEY AND LAURA HADLEY v. PETER BORDO.

*Varying written instrument by parol. Variance. Payment by note. Evidence. Estoppel.*

1. Plaintiffs claimed to have purchased a horse of the defendant and to have given in part payment a note secured by vendor's lien. *Held*, that in a suit for false warranty in the sale, plaintiff might show by parol the terms of the transaction, and was not concluded by the written conditional sale lien, such writing being not the contract of sale, but merely the security for a portion of the purchase price.

2. Plaintiffs' declaration alleged that they bargained to buy the horse of the defendant for a certain sum of money, to wit, one hundred and twenty dollars, and that the defendant sold them the horse for one hundred and twenty dollars, which they then and there paid him. The plaintiffs' proof was that there was paid twenty dollars in cash, fifty dollars previously paid on another trade, which was then rescinded, and a note for fifty dollars secured by vendor's lien on the property sold. *Held*, (a) that there was no variance as to the allegation of payment; for the note having been received as money, might be treated as a money payment. (b) That there was a variance as to the allegation of sale; inasmuch as the averment was that the title passed by an absolute sale while the proof showed a conditional sale by which the title did not pass.

3. Defendant offered to show that at the time of the sale and warranty the horse in question belonged to W. and not him; that the plaintiffs exchanged a bay mare with W. for this horse; that the defendant had a vendor's lien on the bay mare for fifty dollars, which was discharged and the lien on the horse taken for the purpose of shifting the securities. *Held*, admissible, for that the defendant would be less likely to sell and warrant a horse not his own.

4. Nor was the defendant estopped from showing these facts either by the recitals in the lien note, or by his conduct in objecting to and procuring the exclusion of the same evidence earlier in the trial. When offered by the plaintiffs it was immaterial and inadmissible.

Action on the case for a false warranty in the sale of a black mare. Plea, the general issue. Trial by jury at the September Term, 1889, MUNSON, J., presiding. Verdict and judgment for the plaintiffs. Exceptions by the defendant. The facts sufficiently appear in the opinion.

*H. F. Wolcott*, for the defendant.

(19)

Hadley and Hadley v. Bordo.

There is a variance between the proof and the declaration. *Vail* v. *Strong*, 10 Vt. 457; *Wright* v. *Geer*, 6 Vt. 151; *Mann* v. *Birchard*, 40 Vt. 339; *Allen* v. *Goff*, 13 Vt. 148; *Allen* v. *Lansing*, 10 Vt. 114; *Deragon* v. *Rutland*, 58 Vt. 128.

The plaintiff had no right to vary the terms of the lien note, which was the contract of sale. *Brandon Mfg. Co.* v. *Morse*, 48 Vt. 322; *Reed* v. *Wood*, 9 Vt. 285; *Bond* v. *Clark*, 35 Vt. 577; *Daggett* v. *Graves*, 49 Vt. 345; *Pitts* v. *Brown*, 49 Vt. 89; *Benedict* v. *Cox*, 52 Vt. 247; *Bradley* v. *Bently*, 8 Vt. 243; *Mix* v. *White*, 52 Vt. 284; *Groot* v. *Storey*, 44 Vt. 200; *Hatch* v. *Hyde*, 14 Vt. 25; *McGregor* v. *Bugbee*, 14 Vt. 734; *Davis & Aubin* v. *Bradley & Co.*, 24 Vt. 55; *Adams* v. *Smith*, 50 Vt. 1.

The defendant should have been permitted to show that the black mare did not belong to him, but to Willey. This rendered it less probable that he would warrant her to the plaintiffs. *Richardson* v. *Turnpike Co.*, 6 Vt. 496; *Kimball* v. *Locke*, 31 Vt. 686; *Camp* v. *Page*, 42 Vt. 739; *Thayer* v. *Davis*, 38 Vt. 165; *Reed* v. *Reed*, 56 Vt. 492; *Aiken* v. *Kennison*, 58 Vt. 669.

*J. J. Enright* and *J. A. Brown*, for the plaintiffs.

Parol evidence was admissible to vary the conditional sale. This was not the contract of sale; it was merely the security.

There was no variance. *Hills* v. *Marlboro*, 40 Vt. 648; *Gotleib* v. *Leach*, 40 Vt. 278; *Taylor* v. *Finley*, 48 Vt. 78; *Bates* v. *Leclaire*, 49 Vt. 229; *Everts* v. *Bostwick*, 4 Vt. 349; *Wead* v. *Marsh*, 14 Vt. 80; *Allen* v. *Lyman*, 27 Vt. 20; 1 Greenl. Ev. ss. 66 and 67.

The defendant is estopped from insisting upon the admission of the same evidence of which he had procured the exclusion earlier in the trial. *Soper* v. *Frank*, 47 Vt. 369.

The opinion of the court was delivered by

TAFT, J. The plaintiffs claim to have bought conditionally of the defendant a horse, and gave a note for a part of the consideration with a writing evidencing that the horse was to remain

the property of the defendant until the note was paid. On trial the plaintiffs offered parol testimony tending to show that at the time of the sale the defendant warranted the horse in certain respects. This was objected to on the ground that the writing purported to contain the whole contract, which could not be contradicted, varied, nor enlarged by parol evidence. The writing did not purport to set forth the contract of sale; it was simply a lien to secure the performance of the contract which rested in parol. Parol evidence was admissible to show what the terms of the contract were. Such is the rule in respect of a chattel mortgage. *Reynolds* v. *Hassam*, 56 Vt. 449 ; and it was applicable in the trial below.

II. The plaintiffs allege that they bargained to buy the horse of the defendant, for a certain *price or sum of money*, to wit, the sum of one hundred and twenty dollars, and that the defendant by means of a warranty sold the horse to them for the sum of one hundred and twenty dollars, which they then and there paid him, and alleging the falsity of the warranty. The plaintiffs' evidence tended to show that they paid the defendant twenty dollars in money, that he applied in payment fifty dollars theretofore paid him in another trade which was then and there rescinded, and that they gave the defendant their joint promissory note for fifty dollars for the remainder of the consideration agreed to be paid ; and further tended to show the sale a conditional one, in this, that the horse was to remain the property of the defendant until the note was fully paid. The defendant raised the question of variance, insisting that the proof did not support the declaration. It is a rule of universal application in this State, that where the cause of action originates in contract, and the declaration in form counts upon the contract, it must be proved substantially as laid, and a variance in any one feature of the contract is fatal, and this whether the action is in form *ex contractu* or *ex delicto*. *Vail* v. *Strong*, 10 Vt. 457.

a. Did proof of giving a promissory note support the allegation that the plaintiffs paid for the horse ? The allegation is,

Hadley and Hadley *v.* Bordo.

that the horse was bargained for one hundred and twenty dollars *in money*, and sold for one hundred and twenty dollars. Treating this as an allegation of a sale for money, it has been held that proof of a payment in goods and other property supports an allegation of payment, upon the ground that the particular mode of paying the purchase money is immaterial. 1 Ch. Pl. (14 Am. Ed.) 314; *Hands* v. *Burton*, 9 East, 349; and see *Barbe* v. *Parker*, 1. H. Bl. 283. Can it be said that the note paid the amount due for the horse? It is well settled in this State that a promissory note given for a debt which accrued at the time the note was given, is presumptive evidence of the payment of the debt, so that no action can be maintained upon the original indebtedness. There are many limitations to this rule which will appear from an examination of the cases, but the rule is well settled, and as has been stated in one of the cases, the creditor " is paid by his own agreement." Upon this point see many cases from *Hutchinson* v. *Olcott*, 4 Vt. 549, to *Ricker* v. *Adams*, 59 Vt. 154. Suppose it was a cash sale, it not being averred to be a cash payment, anything taken in payment, as cash, satisfies the allegation of payment. We hold there was no variance between the allegation and proof of payment. The plaintiffs allege in their declaration a sale of the horse; we think this implies an absolute sale, just what the word sale imports upon its face, the usual ordinary meaning; the plaintiffs' proof was of a conditional sale; the title of the horse did not pass from the defendant and it was not to pass, until the lien note was paid. Whether the transaction would ever result in a transfer of the title depended upon the condition of whether the note was paid. There was a fatal variance between the allegation and proof. The declaration counted upon an absolute sale, the proof showed a conditional one, and therefore did not support the declaration. 1 Ch. Pl. (14 Am. Ed.) 308; *Whitaker* v. *Smith*, 4 Pick. 83; *Stanwood* v. *Scovel*, *ib.* 422; *Waite* v. *Morris*, 6 Wend. 394.

III. The plaintiffs' testimony tended to show that they bought the horse of the defendant, and upon the sale a warranty was given by him. The defendant offered to show that about a

month before the alleged sale he sold the plaintiffs a bay mare for one hundred dollars, one-half of which had been paid him in money, and the other half in a note secured by a lien upon the mare; that at the time of the alleged sale and warranty, one Willey exchanged the mare in question, a black one, with the plaintiffs, for a bay mare, which the defendant had sold them, and twenty dollars in money; and that the lien note and conditional sale paper in question was given to transfer the lien from the bay to the black mare and thus relieve the bay mare which the plaintiffs were trading to Willey from the encumbrance upon her in favor of the defendant. If the defendant sold Willey's horse with a warranty, he was liable for a breach of it, and in an action for such breach, the ownership of the horse would be immaterial; but if Willey exchanged horses with the plaintiffs and the lien held by the defendant was transferred from the bay mare to the black one, he would not be liable unless he became a party to the exchange or expressly warranted the mare so exchanged; and if he did not own the mare so exchanged, he would be less likely to become a party to the exchange or warrant the mare sound, than though he did own it. It was proper to show that the transaction was with Willey and not with the defendant, and also that the ownership of the black mare was in Willey, as bearing upon the questions of whether the defendant did sell the horse to the plaintiffs or whether he gave the warranty as claimed. Neither of the objections urged by the plaintiffs to this evidence was tenable. The defendant is not estopped in this suit by the statement in the lien note from showing the transfer of the lien from the bay to the black mare; from showing how the black mare came to be included in the conditional sale.

This suit is not founded upon the contract evidenced by the note and lien, but upon the warranty given upon the sale of the horse. The writing with the note was not drawn for the purpose of transferring the property to the plaintiff, or as evidence of the sale in respect of warranty, price, or other detail, but for another and collateral or independent purpose, viz.: to serve as security

for the note given the defendant. The recital in the contract that the horse was sold by the defendant does not estop him from showing otherwise, in an action on the warranty. Recitals in a contract do not operate as estoppels, in an action not founded on the contract, but collateral to it. As recitals they may be evidence for the party instituting the suit, but are not conclusive. *Bank* v. *Banks*, 101 U. S. 240 ; *Carpenter* v. *Butler*, 8 M. & W. 209.

Nor by his conduct on trial, in objecting to and procuring the exclusion of the evidence offered by the plaintiffs. It is readily seen by the record that the offers by the respective parties were not similar; the evidence when offered by the plaintiffs was immaterial, and by objecting to it, the defendant would not waive his right to offer it when it became material. Although the evidence offered by the defendant was admitted as bearing upon the question whether the transaction between the plaintiffs and defendant was a sale or exchange, it was excluded upon that of whether the transaction was with Willey. instead of with the defendant. The exclusion of the testimony upon the latter question was error.

*Judgment reversed and cause remanded.*