GEORGE HIDDEN *vs.* GEORGE W. HOOKER.

January Term, 1898.

Present: ROSS, C. J., TAFT, ROWELL, TYLER and THOMPSON, JJ.

*Evidence—Probability.*

The plaintiff having sold to the defendant his interest in a firm in which they were both partners, brought this action for damages alleging that the defendant induced the sale by falsely representing to the plaintiff that a certain debt of the firm was three thousand dollars larger than it was. *Held*, that the defendant was properly permitted to show that he made the purchase, without gain to himself, for a third party, who paid the consideration; for this made it less probable that he was guilty of the fraud.

CASE for fraud. Plea, the general issue. Trial by jury at the September Term, 1896, Windham County, *Start*, J.,

presiding. Verdict and judgment for the defendant. The plaintiff excepted.

*Clarke C. Fitts* and *W. P. Stafford* for the plaintiff.

*Waterman, Martin & Hitt* for the defendant.

TAFT, J. There are but two questions in this cause, one arising upon the admission of testimony, and the other, upon its exclusion.

I. The plaintiff sold his interest in the firm of Hooker, Hidden & Co. to the defendant Hooker, for a certain sum. This action is brought to recover damages for the alleged fraud of the defendant in falsely representing to the plaintiff that the indebtedness of Hooker, Hidden & Co. to the Vermont National Bank, and which Hooker agreed as part of the contract of sale to pay, was $8000, when, in fact, it was but $5000. The negotiations for the sale by Hidden were had by him with Hooker, and the sale was made in form to the latter. The court admitted testimony tending to show that the purchase by Hooker was, in fact, made for one Mitchell, and that Hooker did not make anything out of the transaction; that, in fact, Mitchell, through Cashier Dowley, paid Hidden the consideration for the purchase which Hooker had agreed to pay. The contract was in form between Hooker and Hidden, but testimony was admitted tending to show that in substance it was between Mitchell and Hidden. Was it legitimate for Hooker to show that he was acting for Mitchell in the purchase instead of making the purchase himself? It is claimed that the defendant committed a fraud in order to induce the purchase. It would be less probable that he would do so if he was acting for another than it would be if acting for himself. The testimony was properly admitted. In *Hadley* v. *Bordo*, 62 Vt. 285, it was claimed that Bordo warranted a horse which he exchanged with the plaintiff for another horse. As tending to show that he did not make the exchange and give the warranty, testimony was

held admissible to show that the exchange of horses was with one Willey and not with the defendant, the court holding that if the trade was made with another and not with him, he would be less likely to become a party to the exchange or warrant the mare sound, than as though he did own it.

II. The other question arises upon the exclusion of the deposition of Chief Judge Ross. The defendant testified on the trial below that he never represented to the plaintiff that the firm of Hooker, Hidden & Co. owed the Vermont National Bank $8000. The deposition was offered for the purpose of showing that upon the trial of a cause between Corser and Hidden, the defendant testified that the firm owed the bank $8000, for the purpose of rebutting the testimony given by the defendant upon this trial. It is apparent from an examination of the minutes attached to the deposition, showing Hooker's former testimony, that the indebtedness of the firm to the bank which Hooker was testifying about was the indebtedness of Hooker, Corser & Mitchell, the firm which succeeded Hooker, Hidden & Co. and not that of the indebtedness of the latter company. It was, therefore, immaterial, and had no tendency to impeach the testimony of the defendant upon this trial, and was not in rebuttal of it. It was, therefore, properly excluded.

This disposes of the two questions stated in the exceptions.

*The rulings were correct and the judgment is affirmed.*