MANSFIELD v. STRAUSS.

(Supreme Court, Appellate Term. December 5, 1900.)

PLEADING—VARIANCE.

A declaration setting up an absolute sale is not supported by proof of a contract for the payment of the price in installments, title in the property not to pass until the last installment is paid.

Appeal from municipal court, borough of Manhattan, Third district.

Action by George W. Mansfield against Ernest Strauss. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before TRUAX, P. J., and SCOTT and DUGRO, JJ.

Lenney & Donovan, for appellant.

Corn & Lazansky, for respondent.

PER CURIAM. The plaintiff, in a written complaint, alleged that on a given date the International Society, his assignor, duly sold and delivered to defendant certain books, which were reasonably worth, and said defendant agreed to pay therefor, the sum of $45. Unquestionably, this language imported an absolute sale. Hadley v. Bordo, 62 Vt. 285, 19 Atl. 476. To support his declaration, plaintiff read in evidence a contract signed by defendant, in which he requested that the books. be sent him, and agreed to pay $2.25 per volume, as follows: "$2 cash with this order, and $2 the first of each succeeding month thereafter, until the full amount has been paid. Title in said books not to pass to me until paid for in full." This contract showed a conditional sale, and did not support the declaration. Hadley v. Bordo, supra. There was no sale in a strict sense, for it is essential to a sale that there should be a transfer of the absolute or general property in the thing sold. A mere transfer of a special property—which is the utmost that has been shown in this case—is not a sale of the thing. Benj. Sales, § 1. There is not, in the present case, a provision that upon the nonpayment of an installment all future installments should become due. The proof did not sustain the allegations of the complaint, and upon the pleadings and proof the plaintiff was not entitled to recover.

Judgment affirmed, with costs.