JOHN DEERE PLOW COMPANY OF BALTIMORE, INC., a corporation of the State of Maryland, v. THE PIERCE HARDWARE COMPANY, a corporation of the State of Delaware.

480

*(November* 13, 1943.)

RODNEY, J., sitting.

*Tunnell* and *Tunnell* for plaintiff.

*Robert G. Houston* for defendant.

Superior Court for Sussex County, No. 48, February Term, 1943.

RODNEY, J., delivering the opinion of the Court:

It will be seen that the special plea does not purport to be an answer to the cause of action in its entirety, because the first item of the claim antedated the date of the agree-

ment as set up in the plea. The defense to this item is therefore solely under the plea of non assumpsit, and the demurrer, if confined to the replication, does not apply to it. The first item of March 27, 1939 also antedated the agreement under seal of February 26, 1940, as alleged in the replication.

Many interesting questions are raised in the case, but in view of the conclusion reached by me, but one of these need be considered.

The plaintiff in its replication expressly states that the defendant by a writing under seal, dated February 26, 1940, undertook and assumed liability for the payment of the goods sold by the plaintiff, and ought not to be permitted to plead the oral agreement of March 20, 1940, as set out in the special plea.

This, I take it, is a claim by the plaintiff of an estoppel by Deed against the defendant. While some mention appears in the brief as to estoppel by contract, yet since estoppels of that nature are but variations of estoppel in pais and since the instrument forming the claimed basis of estoppel is under seal, it would seem to raise the question of an estoppel by deed.

An estoppel by deed is a well established branch of the law of estoppel. It has, however, some limitations in its application, and one seems to be that it is limited in such application to questions directly concerning the deed, and by parties to such deed or in privity therewith. In this case, at this point, we are not concerned with the question of parties, but must consider whether the present action directly concerns the agreement under seal, or matters growing out of it, or whether the present action is collateral thereto.

That an estoppel by deed may only be invoked in a proceeding concerning the deed itself, or of matters growing out of it, and may not be invoked in a collateral proceeding, is supported by many authorities.

*Bigelow on Estoppel* (6th Ed.), p. 383; *Herman on Estoppel,* p. 713; *Spencer Bower on Estoppel,* page 111 note; *Carpenter v. Buller,* 8 *Mees. & W.* 209, 151 *Eng. Rep.* 1013; *Carter v. Carter,* 3 *Kay & J.* 617 @ 645, 69 *Eng. Rep.* 1256 @ 1268; *Bank of America v. Banks,* 101 *U. S.* 240, 247, 25 *L. Ed.* 850; *Hadley v. Bordo,* 62 *Vt.* 285, 19 A. 476; *Bingham v. Walla Walla,* 3 *Wash. T.* 68, 13 P. 408; *McCullough v. Dashiell,* 78 *Va.* 634; *Norris v. Norton,* 19 *Ark.* 319.

The question now to be considered is whether, in this present action of assumpsit, the terms or conditions of a previous agreement under seal between the parties can be invoked to prevent a defendant from placing reliance upon a defense ordinarily available in actions of assumpsit.

When the suit was brought it was brought in assumpsit, and the declaration consists only of the common counts for goods sold and delivered, and the money counts, and with Bill of Particulars annexed. At that time there was no intimation of any special agreement having theretofore existed between the parties. The defendant pleaded the general issue and a special plea as indicated in the statement of facts. It is unnecessary to consider the necessity of the special plea, nor whether the matters set out therein were admissible under the general issue. The special agreement under seal first appears in the replication.

It is quite clear that a party to any special contract, seeking remedy thereon, must declare upon such contract if it is open and unrescinded, and executory in character. It is equally clear that where such contract, not under seal, has been fully complied with by a party, and as to him has become executed, and nothing remains but the payment of money, that such party may seek his remedy upon the common counts as for the implied promise to pay which the law raises. When a special contract has been shown to exist it is only when such special contract has been complied with and has become executed, and nothing remains but the pay-

ment of money, that the law raises an actionable implied promise to pay. Applying these thoughts to the present facts we find in the replication a prior written contract between the parties, under seal, but which is not the contract upon which the suit is brought.

Because this suit is in assumpsit and we must assume it represents the contract upon which the plaintiff relies, so we must assume that no special contract forms the basis of the present action, or is directly connected with such action. If that be true, and the present action is not directly connected with a special contract, then such special contract must be collateral to the action and as such, under the authorities heretofore cited, can furnish no ground of estoppel to the special plea.

The right to enforce a contract by an action for damages and the right to ignore the contract and recover the reasonable value of the performance have been said to be alternative, inconsistent and remedial rights which the law gives upon a breach. The party who is not in default may elect between them.

When a simple special contract exists the plaintiff may declare upon such contract, or where he has fully performed such contract and nothing remains but the payment of money, then he may sue upon the common counts upon the implied contract of the defendant to pay, but he cannot consider both the special contract and also the implied contract as the basis of the action. If he considers the special contract as fully performed by him, and thus seeks to recover upon the implied contract to pay, then the special contract may have some evidential value as to prices and similar matters, but such special contract having been fully performed and not relied upon will not furnish the basis of the action nor the liability of the parties, but as to these matters may be said to have ceased to exist.

In this opinion I have not passed upon the question as to whether a contract under seal and fully performed by one party may by reason of such performance give rise to an action of assumpsit without an entire rescission or disaffirmance of the original contract. It is not thought that such question was properly raised.

The demurrer to the replication must be sustained.