### POPPLEWELL v. STEVENSON.
No. 3880.

United States Court of Appeals
Tenth Circuit.

Aug. 2, 1949.

Frank Eagin, Oklahoma City, Okl. (Eagin & Eagin, Oklahoma City, Okl., on the brief), for appellant.

Calvin Boxley, Oklahoma City, Okl. (V. P. Crowe, Ben L. Burdick, and Embry, Johnson, Crowe, Tolbert & Shelton, Oklahoma City, Okl., on the brief), for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

Lelah Popplewell sued C. E. Stevenson under the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix § 901 et seq., to recover damages and attorney's fees for overcharges in rent. It was alleged in the complaint that defendant owned certain housing accommodations in Oklahoma City known to both parties as the Paseo Hotel; that plaintiff rented the property from defendant under a written lease; and that she paid him rent thereon in excess of the correct rental ceiling on the premises. A copy of the lease was attached to the complaint. It described the property by lot and block number, and recited that it contained twenty-six rooms. By answer the defendant denied the collecting of any excess rent; pleaded that the property had been operated as a first class hotel containing twenty-six rooms; pleaded that the Act did not have application to the property; and pleaded estoppel. The case came on for trial before the court without a jury. Plaintiff introduced the lease in evidence. Holding that the Act did not apply to entire structures or premises in which more than twenty-five rooms were rented or offered for rent by a lessee, sublessee, or other tenant of such premises and that the recital in the lease that the property described therein contained twenty-six rooms was conclusive, the court declined to permit plaintiff to submit evidence showing that the property actually contained less than twenty-six rooms and entered judgment dismissing the action. Plaintiff appealed. For convenience, reference will be made to the parties as they were denominated in the trial court.

Rent Regulation 825, section 1(b)(4), in effect at the time of the execution of this lease, exempts from the provisions of the Act entire structures or premises wherein more than twenty-five rooms are rented or offered for rent by a lessee, sublessee, or other tenant of such structures or premises. And the lease contained a recital that the property contained twenty-six rooms. But the rule excluding parol evidence which tends to vary or contradict the terms of a written instrument has application to actions where the enforcement of an obligation created by the writing is substantially the cause of action. This was not an action having for its object and purpose the enforcement of a right created by the contract. Neither was it an action predicated upon a breach of the contract. It was essentially a statutory action in which the determinative issue was whether defendant had received rent in excess of the permitted ceiling on the property. The written lease was collateral to that issue and therefore evidence tending to show affirmatively that the property did in fact contain less than twenty-six rooms was not inadmissible on the ground that it tended to vary or contradict the recital contained in the lease. Fulton R. Gordon v. Schram, D.C.Mun.App., 44 A.2d 662.

In an effort to uphold the judgment dismissing the action, defendant seeks to invoke the doctrine of estoppel by contract. The argument is that the property contained twenty-six rooms which could be offered for rent by the lessee was a fact agreed upon in the lease and that therefore plaintiff was estopped by contract to claim otherwise. The contract did contain a recital that the property contained twenty-

six rooms, but as already said this was not an action for the enforcement of an obligation created by the written lease. Neither was it an action having its genesis in a breach of the contract. And ordinarily a recital contained in a contract does not operate as an estoppel in an action not founded on the contract, but merely collateral to it. Bank of America v. Banks, 101 U.S. 240, 25 L.Ed. 850; Hadley v. Bordo, 62 Vt. 285, 19 A. 476; Priestley v. Peterson, 19 Wash.2d 820, 145 P.2d 253; 31 C.J.S., Estoppel, § 58. Moreover, Regulation 825.10, section 1(9)(d) provides that an agreement by the tenant to waive the benefit on any provision of the regulation shall be void.

■ In a further effort to sustain the judgment, defendant advances the contention that the evidence which plaintiff offered was not relevant or material and therefore the court did not err in refusing to admit it. Specifically, the contention is that plaintiff offered to prove that the leased premises contained twenty-three rental units—not rooms—and that if proof had been admitted establishing that fact it would have been irrelevant and immaterial. In the course of discussion between the court and the attorneys after the lease had been introduced in evidence, the attorney for plaintiff did refer to the property as containing twenty-three rental units but he also referred to it as containing twenty-three rooms which could be offered for rent, and the court stated at three separate junctures in the discussion that plaintiff could not go behind the written contract to show the number of rooms in the premises. After the court had made those statements, plaintiff made a formal tender of proof. While at one place in the tender she offered to prove that the property contained no more than twenty-three rental units, at another place in language too clear for misunderstanding she expressly offered to prove that it did not contain twenty-six rooms and that there were only twenty-four rooms. It is perfectly clear that the court understood that plaintiff contended and sought to prove affirmatively that the property actually contained less than twenty-six

rooms which could be offered for rent. The tender was sufficient, and the evidence should have been admitted.

The judgment is reversed and the cause remanded.