## POPPLEWELL v. STEVENSON.

### No. 4108.

United States Court of Appeals
Tenth Circuit.

Nov. 8, 1950.

Frank Eagin, Oklahoma City, Okl. (Eagin & Eagin, Oklahoma City, Okl., on the brief), for appellant.

Ben L. Burdick, Oklahoma City, Okl. (Calvin Boxley, V. P. Crowe and Embry, Johnson, Crowe, Tolbert & Shelton, all of Oklahoma City, Okl., on the brief), for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

This is an action instituted by Lelah Popplewell against C. E. Stevenson. Damages

are sought under section 205(e) of the Emergency Price Control Act, as amended, 50 U.S.C.A.Appendix, § 925(e), for overcharges in rent. The material issues in the case were stated on the former appeal, Popplewell v. Stevenson, 10 Cir., 176 F.2d 362, and need not be repeated.

Rent Regulation 825, section 1(b) (4), exempts from the provisions of the Act, supra, entire structures or premises wherein more than twenty-five rooms are rented or offered for rent by the lessee, sublessee, or other tenant of such structures or premises. When the case came on for trial after remand on the former appeal, two plats were introduced in evidence; and for the purpose of establishing a prima facie case that the premises were within the Act and that rents above the ceiling had been exacted and paid, plaintiff introduced the testimony of two witnesses. One of the witnesses had operated the premises for approximately three years as lessee or tenant. She testified that the premises consisted of twenty-three rooms which could be rented or offered for rent, and also an apartment of three rooms occupied by the manager; and that during the entire time she operated the premises she never rented more than twenty-three rooms. The other witness had been an investigator for the Housing Expeditor and had made an examination of the premises. In like manner, he testified that the premises consisted of twenty-three rooms and a manager's apartment of three rooms. While the second witness was on the stand the court stated in effect that the only question for determination was the number of rooms in the premises; that it was immaterial whether any of the rooms were occupied by plaintiff while acting as manager of the hotel; that she had the use and benefit of the rooms occupied as a living apartment the same as though they had been rented; that there were twenty-six rooms in the building; and that judgment would be entered for defendant. Plaintiff then made a tender of proof. She offered to prove that, with the knowledge and consent of defendant, she rented and offered for rent only twenty-three rooms and occupied herself the apartment consisting of a bedroom, a diningroom, and a small room not to exceed six feet by six feet in

size. The court stated that the tender would be received but that the mere fact that plaintiff occupied the three rooms as an apartment while acting as manager of the hotel did not affect the lease contract; that defendant was under no obligation to furnish special rooms for plaintiff as manager; and that there were twenty-six rooms in the building. Judgment was entered for defendant and plaintiff appealed.

After the appeal was perfected, defendant below died and the administratrix of his estate was substituted as a party to the proceeding. A motion was lodged in this court to abate the cause, the ground of the motion being that the suit is one for penalty and does not survive the death of defendant. Section 205(e) of the Act, supra, authorizes a tenant to maintain an action for the recovery of damages for overcharges in rent; and it also provides in effect that in the event the tenant fails to bring the action within a specified time, the Administrator, Office of Price Administration, may institute and maintain it. A suit of that kind brought by the Administrator is not intended to compensate or reimburse the injured party for the injury sustained by the exaction of rent in excess of the ceiling. Instead, it is an action for penalty and does not survive the death of the landlord. Bowles v. Farmers National Bank of Lebanon, Ky., 6 Cir., 147 F.2d 425; Porter v. Montgomery, 3 Cir., 163 F.2d 211. But a suit brought by the tenant is one for compensation for the injury suffered as the result of the exaction of rent above the ceiling. The compensation is measured in terms of damage outlined in the statute, but that is merely an arbitrary yardstick fixed by Congress for determining the compensation. It still is a suit for compensation as distinguished from one for penalty. Fields v. Washington, 173 F.2d 701. This is an action by the tenant for the recovery of compensation for the exaction of rent in excess of the ceiling, not one for a penalty. And it did not abate on the death of the defendant.

The court found among other things that the structure or premises covered by the lease contained twenty-six rooms;

that such rooms were rented or offered for rent or could be rented or offered for rent; and that by the terms of the lease plaintiff agreed to offer the entire twenty-six rooms for rent. The lease recited as part of the description of the property that it was known as the Paseo Hotel, containing twenty-six rooms; and the lease contained a provision that the lessee should use the premises for the operation of a first class hotel. But the lease did not provide that all of the twenty-six rooms should be rented or offered for rent. Neither did it provide that none of them should be occupied by the lessee as living quarters while acting as manager of the hotel. The lease and the plats, considered separately or collectively, did not show affirmatively that twenty-six rooms were rented or offered for rent, and no other evidence was introduced which tended to establish that fact. The finding of the court that twenty-six rooms were rented or offered for rent is without support in the record.

The tender of proof made by plaintiff and accepted by the court was that with the knowledge and consent of defendant, plaintiff rented and offered for rent only twenty-three rooms, and that she occupied as her living quarters the apartment consisting of three rooms. It was the expressed view of the court that inasmuch as there were twenty-six rooms in the building it was not subject to the provisions of the Act, even though plaintiff occupied three of such rooms as an apartment while acting as manager of the hotel. But the rent regulation to which reference has been made exempts from the Act only structures or premises in which more than twenty-five rooms are actually rented or offered for rent. It applies solely and exclusively to structures or premises containing more than twenty-five rooms which the lessee, sublessee, or other tenant in fact rents or offers for rent. That is the plain import of the regulation and it has been consistently given that administrative interpretation. And in determining whether premises fall within the regulation and therefore are exempt from the Act, only the rooms actually rented or offered for rent are to be taken into consideration, and those oc-

cupied in good faith, by the lessee, sublessee, or other tenant as a residential apartment are to be excluded from consideration. Mortgage Underwriting & Realty Co. v. Bowles, Em.App., 150 F.2d 411.

The court concluded that plaintiff was estopped from violating her written lease by failing to rent or offer for rent any of the rooms in the building and from appropriating any of them to her own use for any purpose, the result of which would be to subject defendant to the charge of violating the act, or any part thereof. There is no present need to explore the question whether a lessee or tenant is estopped to recover damages for excess charges of rent where the lessor and lessee expressly contract and agree or contemplate that more than twenty-five rooms will be rented or offered for rent, and the lessee or tenant fraudulently and in bad faith occupies part of the rooms as a residential apartment, or occupies an excess number of rooms for that purpose, and rents or offers for rent less than twenty-five rooms, for the designed and fraudulent purpose of subjecting the lessor to damages under the Act. It is enough to say that here the lease did not expressly obligate plaintiff to rent or offer for rent all twenty-six rooms, and there was no allegation or proof that she fraudulently or in bad faith occupied part of the rooms as a residential apartment for the designed and fraudulent purpose of subjecting defendant to damages under the Act. The case did not present the essential elements of estoppel.

The judgment is reversed and the cause remanded.

PHILLIPS, Chief Judge (concurring specially).

Stevenson, in his answer, alleged among other things, that the lease of the premises to Popplewell was upon the express "understanding, condition and agreement" that she would operate the leased premises as a first class hotel and would offer for rent to the public all of the 26 rooms, and that he would not have leased the premises to Popplewell but for her express agreement

that she would offer the 26 rooms for rent to the public.

Stevenson has never had an opportunity in the trial court to present evidence in support of that allegation. I regard it as sufficient to raise the question of good faith on the part of Popplewell in occupying three of the rooms and failing to offer such rooms for rent to the public, and would reverse and remand with instructions to hear and determine such issue of good faith.