45 So.2d 621

SHEFFIELD et al. v. JEFFERSON PARISH
DEVELOPERS, Inc.

No. 39322.

March 20, 1950.

Leslie P. Beard, New Orleans, for applicant.

Chaffe, McCall, Toler & Phillips and Leon Sarpy, New Orleans, for plaintiff and appellee.

PONDER, Justice.

We granted a review in these consolidated cases because we entertained grave doubts as to the correctness of the judgment of the Court of Appeal.

In these suits the plaintiffs seek to recover triple the amount of overcharges of rents alleged to have been collected from them by the defendant, and for attorneys' fees. On trial the lower court rejected their demand. On appeal the judgment was reversed by the Court of Appeal and the plaintiffs were given judgment for the sum of $3,473.20, twice the amount of the overcharges, subject to a credit of $162.20, being the amount of rent due by one of the plaintiffs; interest and attorneys fees.

During the year 1942 the defendant corporation erected nineteen defense-housing units under priority 7064-00191 issued by the National Housing Agency through the WPB. Only eleven of these units are involved in this litigation. The housing units are situated in the Paris Park Subdivision in New Orleans and within the New Orleans defense area as established by the Administrator, Office of Price Administra-

tion. These buildings were completed during the latter part of the year 1942.

As stated by the Court of Appeal, the facts surrounding the approval of the maximum shelter rentals are somewhat complicated. The officials of the defendant corporation testified that the WPB priority was issued on the basis that the contemplated houses were to carry a maximum rental of $45 per month, but when the building plans and specifications were submitted to the Federal Housing Administration for approval in order to secure federal financing and insurance, the agency refused to give its consent to the project because the contemplated houses were too small and not in keeping with other units which had been previously built in this subdivision. The defendant submitted to the FHA new plans and specifications calling for houses of a larger dimension which were subsequently approved by the FHA and the proper commitments for financing, etc. were made. The officers of the defendant corporation testified that they made complaint to the WPB calling to their attention that houses of larger dimensions than those originally contemplated would necessitate increased building costs and that the rent base established on the original plans would be inadequate and insufficient to pay the federal loan, insurance and other costs. The WPB took the position that it had no jurisdiction to increase the rent base and referred the officials of the defendant

corporation back to the FHA. The officials of the defendant corporation testified that conferences were held with the officials of the FHA and that it was finally agreed upon that the rent base should be established at $55 for some of the units and $60 for the others. These witnesses testified that application for the increase rentals, as agreed upon, were filed with the FHA and when no action was taken thereon that it collected from the tenants the amount which they anticipated would be officially established on the larger units which the FHA forced the defendant to erect.

When the dwelling units were completed, the defendant registered the property with the local Rent Control Office of the OPA. In this registration it was stated that the dwelling units had been constructed with a priority rating from an agency of the United States and that the rent approved by this agency was $55 for some of the units and $60 for the others. The local Rent Director received information indicating that the priority rent approved by the WPB was in reality $45 and $50 per month, and after investigation, and acting under Section 5 (d) of Rent Regulations for Housing, orders were issued, covering the eleven units establishing maximum rental at $45 and $50 per month. The defendant did not appeal from this order. The defendant filed a Landlord's Petition for Adjustment of Rent and asked that the rent be increased under Section 5 (a) (3) of the regulations on the

ground that there had been a substantial increase in the services, furniture, furnishings and equipment. The Rent Director issued an order, subsequent to the period of time for which overcharges are claimed, slightly increasing the rent on the eleven units. These orders were not retrospective and the defendant took no appeal. The defendant sought relief by other proceedings in the OPA organization without avail.

■ The finality of the Rent Director's orders cannot be questioned in these proceedings because the jurisdiction to ascertain the validity of it is vested solely in the Emergency Court of Appeals at Washington, D. C. The Court of Appeal held to this effect and we find no error in that conclusion. However, we do not believe that the facts in this case justify the imposition of a penalty.

■ The Court of Appeal refused to consider the testimony of certain governmental employees. This testimony is not admissible to contradict the order of the Rent Director because that order is final insofar as this Court is concerned. However, this testimony is admissible to determine whether or not the defendant willfully violated the regulation or failed to take practical precautions against the occurrence of the violation. This testimony of the Chief Underwriter of the FHA, the Regional Rent Executive of the OPA, and the Regional Rent Attorney of the OPA at Dallas, Texas, and the telegrams in

connection therewith, indicates that the actual units constructed differed substantially from the original specifications resulting in an increased construction cost and that no shelter rents were set by the WPB on the actual units constructed. It would appear that these officials were of the opinion that the rent prices had been fixed on the original plans and specifications and not on the units as they were actually constructed. Under these circumstances, it would appear that the different governmental agencies were in as much confusion over the matter as the defendant. It is alleged that the defendant charged two of its tenants $64 and $75 per month. This allegation was denied by the defendant and neither of these tenants testified in the case.

After a careful review of the evidence in this case, we have arrived at the conclusion that the defendant did not willfully violate the regulation and the penalty, of twice the amount of the overcharge, should not be imposed. However, we have no authority to disturb the order of the Rent Director and the defendant must pay the amount of the overcharge less the credit allowed by the Court of Appeal.

For the reasons assigned, the judgment is amended so as to award the plaintiff $1,574.40. As thus amended, the judgment is affirmed. The plaintiffs to pay the cost of this appeal, all other costs to be paid by the defendant.

MOISE, J., recused.