McBRIDE, Judge.
This is a suit brought by a tenant seeking treble damages because of the defendants, his landlords, having exacted excessive rent for a room leased to and occupied by him. The suit arises under the Housing and Rent Act of 1947, 50 U.S.C. A.Appendix, § 1881 et seq. Section 205 of the Act, as amended by the Act of March 30, 1949, 50 U.S.C.A.Appendix, § 1895, provides: “Sec. 205. Any person who demands, accepts, or receives any payment of rent in excess of the maximum rent prescribed under section 204 shall be liable to the person from whom he demands, accepts, or receives such payment (or shall be liable to the United States as hereinafter provided), for reasonable attorney’s fees and costs as determined by the court, plus liquidated damages in the amount of (1) $50, or (2) three times the amount by which the payment or payments demanded, accepted, or received exceed the maximum rent which could lawfully be demanded, accepted, or received, whichever in either case may be the greater amount: Provided, That the amount of such liquidated damages shall be the amount of the overcharge or overcharges if the defendant proves that the violation was neither willful nor the result of failure to take practicable precautions against the occurrence of the violation. * * *”
The court below concluded that there was no willful violation of the Act on the part of the defendants and denied multiple damages; judgmént was rendered against defendants for $288, the aggregate amount of the overcharge only, to-wit, $4 per week *708 for a period of fifty-seven weeks/ plus an attorneys’ fee of $75. Defendants have appealed.
In his written reasons for judgment, the trial judge fully stated the issues and his conclusions thereon. We quote part of the reasons, which we adopt as our own, to-wit:
“Reasons for Judgment
“Plaintiff, Ralph E. Mclntire, filed this suit on March 6, 1950, against the defendants Mr. and Mrs. John McBeath, alleging that he was a tenant of the defendants at 2508 Upperline Street in the City of New Orleans, and that he occupied Apartment C, located in said premises from July 5, 1948, through August 7, 1949. He alleges that the housing accommodations were' controlled' under the Housing and Rent Regulations and the Housing and Rent Act of 1947, as amended. He alleges further that the Area Rent Director of the Office of the Housing Expediter, on the 6th day of September, 1949, entered an order decreasing the maximum rent and requiring a refund to the tenant. The order reduced the rent from $11 per week to $7 per week, and was retroactive to.July 5, 1948, and ordered the refund made, within thirty days, of the excess rents collected 'by the defendants. Plaintiff sets forth that the order was not appealed and asks for liquidated damages in the amount of three times the amount of the excess rentals collected, plus reasonable attorneys’ fees and costs.
' “The defendants answer by denying that the plaintiff ever occupied Apartment C of the premises 2508 Upperline Street, and they aver that the plaintiff did occupy an unnumbered apartment in the rear of Apartment C; that the apartment occupied by plaintiff was decontrolled by Act of Congress and that an opinion of decontrol had been issued by the Housing Expediter through the Area Rent Director.
• “It was established that the plaintiff and his wife were tenants of the defendants between the dates set forth in the. petition.
“Plaintiff offered and produced in evidence the order decreasing the maximum rent and requiring refund to the tenant, dated September 6, 1949, and signed by the Area Rent Director.
“Apartment C, originally, consisted of the last two rooms of the premises 2508 Up-perline, and was so registered with the Office of the Housing Expediter, as Apartment C, on April 3, 1944. According to Mrs. McBeath’s testimony, in the spring of 1945 she rearranged her house. The first room, which was the first room of Apartment C, -was then designated as Room C, which Room C she registered with the Office of the Housing Expediter on December 12, 1946, under a Rooming House Registration.
“She installed in the last room of what had formerly been Apartment C, a complete kitchen, a very large locker, a place for dishes and a private bath. She put a partition across the middle of the room and made a bedroom out of the other half.
“This last room of what had formerly been Apartment C was the room that she rented to the plaintiff on July 5, 1948, and which plaintiff occupied through and including the week of August 7, 1949. This last room of the house had access to bathroom facilities through the yard.
“The defendant Mrs. McBeath testified that the space occupied by the plaintiff was decontrolled, and that she received a letter from the Office of the Housing Expediter decontrolling this space. She testified she had lost the letter and was unable to produce it at the time of trial.
“Defendants aver further that the space in question, which was occupied by the plaintiff, constituted additional housing accommodations which were created by conversion, and that under the Housing and Rent Act of 1947, by the mere operation of law, the defendants could create a self-contained family unit and the same was not subject to rent control. (Under Paragraph 1892, 50 UJS.QA.App.)
“There is conflict in Mrs. McBeath’s testimony as to when the space occupied by the plaintiff was created, i. e., when she rearranged the last room of her house. Certainly she registered Room C in 1946 under a Rooming House Registration, but she *709 contends that she only created the space after the act of Congress was passed in 1947. She gave no dates.
“The Act was passed on June 30,. 1947, and the effective date of control was July 1, 1947. This court arrives at the conclusion that the space occupied by the plaintiff was created in 1945, or at least prior to the time that the Rooming House Registration for Room C was filed by the defendant on December 12, 1946. The court cannot accept defendant’s testimony that she had an opinion of decontrol issued by the Office of the Housing Expediter. The file of the Housing Expediter disclosed no such opinion.
“An inspection of the space occupied by the plaintiff and his wife, Mr. and Mrs. Ralph Mclntire, was made by the Office of the Housing Expediter on July 8, 1949, and the order decreasing the maximum rent and requiring refund is dated September 6, 1949. It is obvious to the court that the order pertained to the particular space occupied by the plaintiff in this case.
“This court does not believe that the evidence in the record shows that this was a willful violation, and accordingly the plea for treble damages will be rejected.
“The order decreasing the maximum rent and requiring a refund is retroactive in its nature. Ordinarily in cases of this kind the recovery is limited to those violations which have occurred within one year of the date of filing suit, and each overcharge is considered a violation; but, as this order was retroactive, the violation could not have occurred until the order had been issued. (Ramseyer v. Contestabile, [D.C.] 86 F.Supp. 104.)”
It will be noted that the judge refused to accept the testimony of Mrs. McBeath, which most generally is to the effect that the room in question was created by conversion after the effective date of the Housing and Rent Act of 1947. He concluded that the space was created by conversion in the year 1945, anterior to the Act.
Appellants’ counsel vehemently argues that the judge was grossly in error in disregarding the uncontradicted testimony of Mrs. McBeath. He cites many decisions holding that courts cannot disregard positive evidence in the absence of contrary or impeaching evidence.
We have carefully read the testimony of the witness, and concur in the findings of the judge that there was conflict in her testimony. Mrs. McBeath never did state exactly when the room was converted to its present form, and our own independent opinion is that the space was extracted from former Apartment “C” sometime before February 1, 1947, and, therefore, still continued to be a controlled housing accommodation within the meaning of § 202 of the Housing and Rent Act of 1947, 50 U.S.C.A.Appendix, § 1892. A part of Mrs. McBeath’s testimony stands out and impresses the unbiased mind that she endeavored to overemphasize her case. While an opinion of decontrol from the Housing and Rent Office was not necessary if the room had been created by' conversion after February 1, 1947, nevertheless Mrs. McBeath insisted that there was issued to her a letter of decontrol by the Housing and Rent Office. She admitted her inability to produce this letter, and the records of the Housing and Rent Office show that no such letter was ever issued. This, it seems to us, weakens her position materially.
A court is not obliged to accept the testimony of a witness, even though it be incontroverted. See Franklin v. Texas & P. R. Co., La.App., 35 So.2d 251, 252, wherein we quoted the following language from Wigmore on Evidence, 2d Ed., Vol. 4, § 2034, p. 309: “* * * the mere assertion of any witness does not of itself need to be believed, even though he is un-impeached in any manner; because to require such belief would be to give a quan-titive and impersonal measure to testimony.”
Appellants’ counsel also argues that the order of the Area Rent Director decreasing the maximum rent and requiring refund to the tenant is inoperative and without effect, because the order purports to affect Apartment “C”, which the evi *710 dence shows was converted into two rooms during 1945. We do not think that the designation as Apartment “C” of the room occupied by plaintiff militates in anywise against the validity of the order. Mrs. McBeath herself refers at some points to the room as an “apartment,” although no number or letter was assigned to it. We are convinced that the order in question was intended to and does apply to the rear room in the premises of former Apartment “C”, which plaintiff occupied as tenant. This is manifest by reason of the fact that on July 8, 1949, an inspection of the space was made by the Office of the Housing Expediter, which culminated in the issuance of the order.
Counsel for both parties argue pro and con as to whether the validity of an order of the Area Rent Director can be inquired into by this court. The trial judge entertained a belief that jurisdiction to ascertain the validity of such an order is vested solely in the United States Emergency Court of Appeals, and as the foundation of his conclusion cites the holding of our Supreme Court in Sheffield v. Jefferson Parish Developers, 216 La. 1055, 45 So.2d 621.
In Sheffield v. Jefferson Parish Developers, there were involved orders of the Rent Director issued under authority of the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 901 et seq. The Supreme Court held that the legality of the Rent Director’s orders could not be questioned in the proceedings, because jurisdiction to ascertain the validity of them rested solely in the Emergency Court of Appeals at Washington, D. C., as provided by § 204(d) of the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 924(d).
However, the United States Emergency Court of Appeals has no jurisdiction to review orders issued under the Housing and Rent Act of 1947. This was decided by the United States Emergency Court of Appeals itself, in the case of Talbot v. Woods, Em.App., 164 F.2d 493, 494, wherein an aggrieved landlord complained of orders of a Rent Director issued under the 1947 Act. The court said: “* * * Rent controls after June 30, 1947, are imposed solely by force of the Housing and Rent Act of 1947, 50 U.S.C.A.Appendix, § 1881 et seq., which gives no extended jurisdiction to the Emergency Court of Appeals, and indeed makes not a single reference to it. * * * This is a question involving the interpretation of the Housing and Rent Act of 1947, which it is not within the competence of this court to decide. The Emergency Court of Appeals has no jurisdiction as such to entertain a complaint seeking a determination of what is complainant’s maximum rent as established by or .under the Housing and Rent Act of 1947, or to pass on its validity. What remedy may he available to complainant in some other court to obtain such a determination, by declaratory judgment or otherwise, is not for us to say.”
We do not find that anywhere in the Housing and Rent Act of 1947 jurisdiction to review orders issued under the provisions of the Act is vested exclusively in any particular court, as was the case under the Emergency Price Control Act of 1942, and our opinion is that the district court as well as this court are tribunals competent to inquire into the validity of such orders.
After a careful study of the entire record, and more particularly the order in question, which we deem valid, we think the matter was correctly disposed of below.
The judgment appealed from is, therefore, affirmed.
Affirmed.