**MOROZIN v. HAUSMANINGER.**

Civ. A. No. 8397.

United States District Court
E. D. Pennsylvania.

July 15, 1949.

58

Samuel C. Nissenbaum, Philadelphia, Pa., for plaintiff.

Harry Berkowitz, Philadelphia, Pa., for defendant.

FOLLMER, District Judge.

In this action which was instituted April 13, 1948, plaintiff seeks judgment against the defendant, his landlady, under Section 205 of the Emergency Price Control Act of 1942,[1] as amended, for treble damages for alleged overcharges of rent. The total amount claimed is $631.50, plus a reasonable attorney's fee and costs.

The details of the claim as alleged in the complaint are as follows:

cution with respect to any such right, liability, or offense."[2]

The Housing and Rent Act of 1947, 50 U.S.C.A.Appendix, § 1881 et seq., was enacted June 30, 1947, and became effective July 1, 1947. This Act contained the following clause: "After the effective date of this title, no maximum rents shall be established or maintained under the authority of the Emergency Price Control Act of 1942, as amended (section 901 et seq. of this Appendix), with respect to any housing accommodations."[3]

It follows, therefore, that that portion of plaintiff's claim covering the period from May 10, 1947 to June 30, 1947, is governed by the Emergency Price Control Act of 1942, and the amendments thereto, and that portion covering the period subsequent to June 30, 1947, is governed by the Housing and Rent Act of 1947, which was

| Period | Weeks | Weekly Overcharges | Total Overcharges |
|---|---|---|---|
| 5/10/47 to 7/12/47 | 10 | $3.50 | $ 35.00 |
| 7/19/47 to 4/10/48 | 39 | $4.50 | $175.50 |
| | | Total overcharges claimed | $210.50 |
| | | Trebled | $631.50 |

The defendant has moved to dismiss the action on the ground that the court lacks jurisdiction because the amount in controversy is less than $3,000.00 exclusive of interest and costs.

The Emergency Price Control Act of 1942, as amended, on which plaintiff apparently bases his claim, expired on June 30, 1947. This Act, however, contained the following saving clause, viz.: " * * * except that as to offenses committed, or rights or liabilities incurred, prior to such termination date, the provisions of this Act and such regulations, orders, price schedules, and requirements shall be treated as still remaining in force for the purpose of sustaining any proper suit, action, or prose-

extended to March 31, 1948, by P.L. 422, 80th Congress, 50 U.S.C.A.Appendix, § 1894.

The law of this circuit is that a suit by an individual under Section 205 of the Emergency Price Control Act of 1942, as amended, is a civil action for damages for the compensation of the injured individual.[4] This Act, Section 205(e), specifically provides that a suit, either by the injured individual or the administrator, to recover treble damages may be brought in any Federal, State or Territorial Court of competent jurisdiction. Consequently, that portion of the claim prior to July 1, 1947, must stand.

---

[1] 50 U.S.C.A.Appendix, § 925(c, e).

[2] 50 U.S.C.A.Appendix, § 901(b).

[3] 50 U.S.C.A.Appendix, § 1893(a).

[4] Porter v. Montgomery, 3 Cir., 163 F.2d 211.

Note. It has been held that the nature of the action under Section 205(e) is the same whether the suit be brought by the United States or by the consumer (tenant). Bowles v. Farmers Nat. Bank of Lebanon, Ky., 6 Cir., 147 F.2d 425.

■ That portion of the claim subsequent to June 30, 1947, controlled as above indicated by the provisions of the Housing and Rent Act of 1947, must be dismissed on the authority of Fields v. Washington, 3 Cir., 173 F.2d 701, which we recognize as the law of this circuit.

The motion to dismiss is granted as to that portion of the complaint alleging overcharges in rent subsequent to June 30, 1947.

The motion to dismiss is refused as to that portion of the complaint alleging overcharges in rent which accrued prior to July 1, 1947.