## RAMSEYER v. CONTESTABILE.
### Civ. No. 8616.

United States District Court
E. D. Pennsylvania.
Aug. 17, 1949.

H. Clayton Louderback and Frank E. Hahn, Jr., of Edmonds, Obermayer & Rebmann, of Philadelphia, Pa., for plaintiff.

Charles Polis, of Philadelphia, Pa., for defendant.

BARD, District Judge.

This is an action by a tenant against his landlord for treble damages for alleged overcharges of rent from March 6, 1947 to November 3, 1947. The total amount claimed is $480, plus a reasonable attorney's fee and costs. The case is now before me on the defendant's motion to strike from the complaint all claims for damages originating prior to June 17, 1947, and on the defendant's motion to dismiss the complaint for lack of jurisdiction because the amount in controversy is less than $3,000.

On June 26, 1947 an order of the Area Rent Director, Office of Rent Control of the Office of Price Administration decreased the maximum rent allowed to be charged for the premises in question from $60 to $40 per month, effective March 6, 1947, and directed the defendant to refund all overcharges to the plaintiff. The defendant refused to refund the overcharges

and until November 3, 1947, when the plaintiff surrendered the property, the defendant continued to charge and to collect rent at the rate of $60 per month. On June 17, 1948 the plaintiff filed his complaint.

To support his motion to strike out of the complaint all claims for damages originating prior to June 17, 1947 the defendant contends that under the Housing and Rent Act of 1947, as amended[1], the one year statute of limitations runs from the date of collection of the rent. Defendant does concede, however, that under the law in force prior to the Housing and Rent Act of 1947, the statute of limitations did not begin to run until the landlord breached the refund order.

 The Housing and Rent Act of 1947, as amended, became effective July 1, 1947[2]. The claims which the defendant seeks to strike out of the complaint are for the period prior to June 17, 1947. This period is governed by the Emergency Price Control Act of 1942, as amended[3]. The defendant has conceded that under this Act his motion to strike must be denied since the complaint was filed less than a year after reduction and refund order was issued.

Furthermore, even if the Housing and Rent Act of 1947 should be retroactive in this respect, as the defendant in effect contends, the plaintiff is not barred by the statute of limitations. Section 205 of the Housing and Rent Act of 1947 provides that, "Suit to recover [treble damages, reasonable attorney's fees and costs] may be brought * * * within one year after the date of such violation."[4]

There can be no violation at least until the reduction and refund order has been issued. Since the complaint was filed on June 17, 1948, less than a year after the order was issued on June 26, 1947, the complaint is timely. I do not have to decide whether the statute of limitations begins to run on the date the order was issued or on the date the defendant breached this order.

The defendant's motion to dismiss the complaint for lack of jurisdiction because the amount in controversy is less than $3,000 is in part well taken. To rule on this motion it becomes necessary to separate the complaint into two periods, that period from March 6, 1947 to June 30, 1947 inclusive, and from July 1, 1947 to November 3, 1947 inclusive.

For the reasons expressed by Judge Follmer in Morozin v. Hausmaninger, D.C.E.D.Pa., 1949, 85 F.Supp. 57, that part of the plaintiff's claim for damages arising from July 1, 1947 to November 3, 1947 inclusive, must be dismissed for lack of jurisdiction, but as to the other part from March 6, 1947 to June 30, 1947 inclusive, this Court does have jurisdiction.

An order will be entered in accordance with the views expressed in this opinion.

---

[1] June 30, 1947, c. 163, Title II, § 201, 61 Stat. 196 et seq., as amended, 50 U.S.C.A.Appendix, § 1891 et seq.

[2] June 30, 1947, c. 163, Title II, § 212, 61 Stat. 201, 50 U.S.C.A.Appendix, § 1902.

[3] January 30, 1942, c. 26, 56 Stat. 23 et seq., as amended, 50 U.S.C.A.Appendix, § 901 et seq.

[4] June 30, 1947, c. 163, Title II, § 205, 61 Stat. 199, 50 U.S.C.A.Appendix, § 1895.