**FRISCH et al. v. LOPEZ.**

Civ. A. No. 8153.

United States District Court
E. D. Pennsylvania.

Dec. 13, 1949.

Charles W. Sweeney, Philadelphia, Pa., for plaintiffs.

Defendant present in Court—not represented by Counsel.

CLARY, District Judge.

This is an action brought under the provisions of Section 205(e) of The Emergency Price Control Act of 1942, Act of Jan. 30, 1942, c. 26, Title II, Sec. 205(e), 56 Stat. 33, as amended, 50 U.S.C.A. Appendix, § 925(e), to recover amounts paid in excess of legal maximum rental. The period for which recovery of overcharges is sought is from May 1, 1946 to December 31, 1947. The complaint was filed on February 3, 1948.

The statutory cause of action created in favor of an overcharged tenant by The Emergency Price Control Act of 1942, as amended, extended only to overcharges made within one year of suit. Consequently, all claims herein for overcharges prior to February 3, 1947 are barred: 50 U.S.C.A.Appendix, § 925(e). The provisions of The Emergency Price Control Act of 1942 terminated June 30, 1947, 50 U.S.C.A.Appendix, § 901(b), therefore all claims herein for overcharges made from and after July 1, 1947 are not covered by the Act. Overcharges made after that date are governed by the provisions of the Rent and Housing Control Act of 1947, 50 U.S.C.A.Appendix, § 1881 et seq. This Court has no jurisdiction over actions brought under the latter Act if the amount in controversy does not exceed $3000. Fields v. Washington, 3 Cir., 1949; 173 F.2d 701. See also opinions in the cases of Morozin v. Hausmaninger, D.C., E.D.Pa.1949, 85 F.Supp. 57, Follmer, J., and Ramseyer v. Contestabile, D.C.E.D. Pa.1949, 86 F.Supp. 104. Bard, J. We must therefore limit our consideration to those overcharges incurred between February 3, 1947 and June 30, 1947.

The matter is largely before us on documentary evidence. Included in the documents offered in evidence are: a certified copy of a notice from the Office of Price Administration addressed to the defendant, dated August 27, 1942, fixing the maximum rental for the third floor apartment 822 Perkiomen Street at $28.00 a month, including cooking fuel and light; a copy of a notice from the Office of the Housing Expediter, dated May 1, 1948, fixing the maximum rental for the apartment at $28.00, not including cooking fuel and light, effective July 1, 1947; statements from the Philadelphia Gas Works Company and the Philadelphia Electric Company, indicating amounts paid by plaintiffs for gas and electric; and a copy of the lease by defendant to plaintiffs.

It is clear from the documentary evidence and from all the testimony of the defendant, that the rental unit in question was duly registered by the defendant pursuant to Regulations and that the defendant was aware of the maximum rental she was entitled to charge, $28.00 a month. The overcharges were therefore with knowledge and the defendant is liable to pay damages up to three times the amount of the overcharges: 50 U.S.C.A.Appendix, § 925(e). We are of the opinion, however, that while the violation may be considered legally wilful, there are mitigating circumstances and in the exercise of our discretion, we limit damages to double the

amount of the overcharges, plus attorney's fee and costs of this suit.

As above stated, the overcharges for which the defendant is liable in this action are those made between February 3, 1947 and June 30, 1947. The order from the Office of Price Administration fixed the maximum rental at $28.00 a month including gas and electric, whereas the defendant charged $35.00 a month and required the plaintiffs to furnish the gas and electric. As we are concerned only with those payments made after February 3, 1947, the defendant is liable in damages for four months overcharge in rental (beginning with the payment of March 1, 1947) plus payments made by the plaintiffs for gas and electric service between February 3, 1947 and June 30, 1947. The overcharges were therefore $28.00 for rent, $5.37 for gas and $15.45 for electricity, or a total of $48.82. We assess the damages in double that amount, or $97.64 plus an attorney's fee of $75.00 and costs of the action.