**SCHUMAN et al. v. GREENBERG et al.**

**Civ. No. 11180.**

United States District Court
D. New Jersey.

Oct. 2, 1951.

188

Jack A. Skarbnik, Newark, N. J., for plaintiffs.

Joseph Schoenholz, Newark, N. J., for defendants.

FAKE, District Judge.

The issues here arise on motion to dismiss a complaint seeking treble damages based partly on the Emergency Price Control Act of 1942, 50 U.S.C.A. Appendix, § 901 et seq., and partly on the Housing and Rent Act of 1947, 50 U.S.C.A. Appendix, § 1881 et seq. Plaintiffs instituted this action on March 31, 1948 seeking a judgment against the defendants as their landlords, for $684, being three times the amount of certain alleged overcharges of rent, plus a reasonable attorney's fee and costs. The complaint alleges that the overcharges commenced about July 12, 1946 and extended to and including August 22, 1947.

The statutory cause of action created in favor of an overcharged tenant by the Emergency Price Control Act of 1942, as amended, extended only to overcharges made within one year of suit. Consequently, all claims herein for overcharges prior to March 31, 1947, are barred: 50 U. S.C.A. Appendix, § 925(e). The present claim is, therefore, concerned only with plaintiffs' claim for overcharges accruing between March 31, 1947 and August 22, 1947.

The Housing and Rent Act of 1947, 50 U.S.C.A. Appendix, § 1881 et seq., was enacted June 30, 1947, and became effective July 1, 1947. Thus with respect to the motion to dismiss, I consider defendants' arguments as if the complaint were framed in two parts, i.e., for overcharges from March 31, 1947 to June 30, 1947 inclusive, and from July 1, 1947 to August 22, 1947, inclusive.

As to the recoveries sought under the 1942 Act, I find myself in full accord with the opinion of Judge Follmer in Morozin v. Hausmaninger, D.C.E.D. Pa., 85 F.Supp. 57, followed by Judge Bard in Ramseyer v. Contestabile, D.C.E.D. Pa., 86 F.Supp. 104 and by Judge Clary in Frisch v. Lopez, D.C.E.D. Pa., 87 F.Supp. 544. These judges decided that a suit by a tenant for treble damages for alleged overcharges of rent under Section 205 of the 1942 Act is a civil action for damages in compensation of the injured tenant and that such suit may be brought in a United States District Court irrespective of wheth-

er the amount in controversy is less than $3,000 exclusive of interest and costs. As in the present case, these actions were maintained by the tenants under the 1942 Act after that Act expired on June 30, 1947 and the Court's jurisdiction was sustained by virtue of the saving clause contained in the 1942 Act, 50 U.S.C.A. Appendix, § 901(b). Therefore that part of the plaintiffs' complaint concerning overcharges incurred between March 31, 1947 and June 30, 1947 must stand, and as to it defendants' motion is denied.

It is further argued by defendants that this Court is without jurisdiction, so far as the recoveries sought under the 1947 Act are concerned, for the reason that there is present neither diversity of citizenship nor an amount in controversy exceeding $3,000. This argument at one time was unanswerable in this Circuit by reason of the holding in Fields v. Washington, 173 F.2d 701, 702. There the Court noted that the Housing and Rent Act of 1947 contained "no general grant of jurisdiction * * * similar to that contained in Section 205(c) of the Emergency Price Control Act" and accordingly it was held that the competency of a Federal District Court to entertain a suit for overcharges by a tenant must be based upon some other statutory grant of jurisdiction over the subject matter and the parties. There has not been unanimity of opinion in the Federal Courts on the jurisdictional questions arising under the 1947 Act. E.g. see Adler v. Northern Hotel Co., 7 Cir., 175 F.2d 619; Garlin v. Currie, 5 Cir., 185 F.2d 401. I find no occasion to study the conflict, for as I view the matter, Congress has settled all dispute about it.

On July 31, 1951, the President approved the Defense Production Act Amendments of 1951, Section 204 of which amends Section 205 of the Housing and Rent Act of 1947, as amended, to read as follows:

"Sec. 205. * * *

"(c) Suit to recover liquidated damages as provided in this section may be brought in any Federal court of competent jurisdiction *regardless of the amount involved,* or in any State or Territorial court of competent jurisdiction, within one year after the date of violation: * * *. (Emphasis supplied.)

Thus Congress has seen fit to supply the general grant of jurisdiction to United States District Courts over treble damage actions by tenants which Judge Maris, in Fields v. Washington, found to be lacking in the original 1947 Housing and Rent Act. I find no difficulty in construing this statute enacted July 31, 1951 as applicable to the present suit which was filed March 31, 1948. Defendant has no vested right to the rule of Fields v. Washington in this Circuit after its effect has thus been abrogated by Congress. Therefore, this Court has jurisdiction as to the recoveries sought under the Act of 1947. Accordingly, defendants' motion to dismiss plaintiffs' complaint is denied not only as to the recoveries sought under the 1942 Act but also as to those sought under the Act of 1947. As to the effect of a change in the Housing and Rent Act of 1947, after rendition of judgment in the District Court and affirmance in the Court of Appeals, see Woods v. Durr, which deals with a mandate on the subject from the Supreme Court, directed to the Circuit, 3 Cir., 176 F.2d 273. See also 3 Cir., 170 F.2d 976.