### BURNS et al. v. CRUTHERS.
### Civ. No. 7937.

United States District Court
D. New Jersey.
June 20, 1952.

Harry Levin, Newark, N. J., for plaintiffs.

Sol Herships, Newark, N. J., for defendant.

MEANEY, District Judge.

This as an action instituted pursuant to the provisions of Section 205(e) of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 925(e). Plaintiffs, who are tenants, seek to recover treble damages from their landlord for alleged rent overcharges. Subsequently an amended complaint was filed and on the death of the defendant, plaintiffs filed a second amended complaint, substituting defendant's executrix in his place. On motion of the executrix, the second amended complaint was dismissed for want of jurisdiction. This dismissal was subsequently vacated and a third amended complaint was filed. Defendant-executrix now moves for a dismissal of the third amended complaint on the grounds that the orders of the Rent Administrator were invalid and that the action being one for a penalty, has abated with the death of the defendant-landlord.

In her brief defendant makes no mention of the first named ground. This Court therefore deems that that contention has been abandoned and will not discuss its merits.

Both parties urge that the case of Porter v. Montgomery, 3 Cir., 1947, 163 F.2d 211, is dispositive of the remaining ground. In that case the question presented for the Court's determination was whether an action brought by the Price Administrator, pursuant to Section 205(e) of the Emergency Price Control Act of 1942, as amended, survived the death of the defendant-landlord. The Court held that the action was penal and accordingly abated on the defendant's death.

Defendant-executrix contends that the Porter case, supra, is authority for the proposition that an action brought under the authority of Section 205(e), supra, is penal regardless of who brings the action. However, a careful reading of the case leads this Court to the conclusion that defendant's contention is untenable. In this we find support in the decisions of this and other courts. See Popplewell v. Stevenson, 10 Cir., 1950, 185 F.2d 111; Morozin v. Hausmaninger, D.C.E.D.Pa., 1949, 85 F.Supp. 57; Schuman v. Greenberg, D.C.D.N.J. 1951, 100 F.Supp. 187.

In the Porter Case, supra, the Court enunciated the following criteria for the determination of the question of penal or remedial. See Porter case, supra, 163 F.2d at page 215. "A civil action is for damages if it is brought for the compensation of the injured individual. It is for a penalty if it seeks to obtain a sum of money for the state, an entity which has not suffered direct injury by reason of any prohibited action."

Here action is instituted to compel the defendant to respond in damages which are " * * * for the compensation of the injured individual", and not " * * * to obtain a sum of money for the state * * ". The action is therefore one for damages and survives the death of the defendant. See Kirk v. Commissioner of Internal Revenue, 1 Cir., 1950, 179 F.2d 619, 15 A.L.R. 2d 1031.

Defendant's motion is, accordingly, denied.