## ELLIS v. LYNCH.

### Civ. A. No. 156–51.

United States District Court
D. New Jersey.
June 27, 1952.

John D. Mendez, Teaneck, N. J., for plaintiff.

Pitney, Hardin & Ward, by Frank C. O'Brien, Newark, N. J., for defendant.

SMITH, District Judge.

This is an action for treble damages under Section 205 of the Housing and Rent Act of 1947, as amended, 50 U.S.C.A. Appendix, § 1895. The complaint, which was filed in this court on February 20, 1951, states a claim for three times the amount of the overcharges which the plaintiff alleges were demanded and received by the defendant in the months from August 1948 to August 1950. It is clear that part of this claim is barred by the statutory limitation; the plaintiff may recover only three times the amount of the overcharges demanded and received by the defendant within one year prior to the commencement of the action. This amount, if we accept the allegations of the complaint as true, does not exceed $1,710, which is less than the jurisdictional amount required by Section 1331 of Title 28 U.S.C.A.

The action is before the Court at this time on a motion for summary judgment filed by the defendant pursuant to Rule 56(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. The defendant contends, in support of the motion, that the right of action created by the statute was extinguished on the expiration of the period of limitation therein prescribed. He argues: first that this Court had no jurisdiction of the subject matter of the action when the complaint was filed; and second, that the commencement of the action in this court did not suspend the running of the period of limitation. The plaintiff contends that the action may now be maintained, notwithstanding the lack of the necessary jurisdictional amount, under the Defense Production Act Amendments of 1951, which became effective on July 31, 1951.

Prior to the effective date of the Amendments this court had no jurisdiction over an action for damages under the Act unless the amount in controversy, exclusive of interest and costs, was in excess of $3,000. Fields v. Washington, 3 Cir., 173 F.2d 701; Currie v. Flack, 1 Cir., 190 F.2d 549. Contra: Adler v. Northern Hotel Co., 7 Cir., 175 F.2d 619; Garlin v. Currie, 5 Cir., 185 F.2d 401. The jurisdiction of the court was enlarged by the Amendments which authorized the tenant to maintain such an action "in any Federal court of competent jurisdiction regardless of the amount involved". 50 U.S.C.A.Appendix, § 1895(c). The right of the plaintiff to maintain this action is dependent solely upon the effect of the Amendments.

These Amendments granted the court general jurisdiction of all actions under the Act. This jurisdiction may be invoked not only in future actions but also in actions erroneously instituted in this court prior to the effective date of the Amendments, provided the claim for damages had not

been barred by statutory limitation. However, where as here, the claim for damages had been otherwise barred prior to the effective date of the Amendments, the statutory grant of jurisdiction will avail a plaintiff only if the institution of the action in this court, at a time when it lacked jurisdiction, suspended the running of the period of limitation prescribed by the Act.

■ Prior to its amendment the Act required that an action thereunder be brought in a "court of competent jurisdiction, within one year after the date of" violation. This limitation is substantive and is a restriction not only on the remedy but also on the right of recovery. Cf. Matheny v. Porter, 10 Cir., 158 F.2d 478. We are of the opinion that under these circumstances the commencement of an action in a court which lacks jurisdiction is a nullity and will not interrupt the running of a statute of limitations. Fairclough v. Southern Pac. Co., 171 App.Div. 496, 157 N.Y.S. 862, affirmed 219 N.Y. 657, 114 N.E 1066. The commencement of an action in a court which lacks jurisdiction of the subject matter will toll the statute of limitations if the court has the authority under the law to transfer the action to a court of competent jurisdiction. Herb v. Pitcairn, 324 U.S. 117, 65 S.Ct. 459, 89 L.Ed. 789, and 325 U.S. 77, 65 S.Ct. 954, 89 L.Ed. 1483. There is no such authority in this court.

■ The plaintiff in the instant case became entitled to maintain his action in this court on July 31, 1951, the effective date of the Amendments, but on that date his claim for damages, except the claim for the overcharge demanded and received by the defendant on August 1, 1950, had been extinguished by the statutory limitation. The claim for the overcharge demanded and received by the defendant on August 1, 1950 had not been extinguished prior to the effective date of the Amendments; this Court therefore acquired jurisdiction of the action based solely on this claim. The erroneous commencement of the action in this court did not defeat the right of the plaintiff to enforce a claim for damages based upon an overcharge demanded and received by the defendant within one year prior to the effective date of the Amendments; the jurisdiction theretofore lacking was granted by the Amendments and the plaintiff may now maintain the action based solely on the said claim.

The defendant is entitled to summary judgment in his favor as to only part of the plaintiff's claim, to wit, the claim for damages based upon overcharges demanded and received by the defendant prior to August 1, 1950.

NOTE: The question here presented was heretofore decided by my colleague, Judge Fake, Schuman v. Greenburg, D.C., 100 F.Supp. 187, but after careful consideration we are inclined to respectfully disagree with his decision.