### KOELMEL et al. v. LAUBER.
Civ. No. 302–52.

United States District Court
D. New Jersey.
March 24, 1953.

240

Eugene A. Liotta, Elizabeth, N. J., for plaintiffs.

Charles A. Stanziale, Newark, N. J., for defendant.

HARTSHORNE, District Judge.

This is a suit by a tenant for treble damages against his landlord under the Housing and Rent Act, 61 Stat. 199, (1947) as amended, Title 50 U.S.C.A.Appendix, § 1895. The fact of the over-charges and their willfulness is clear. The sole question remaining is as to the right of the tenant to recover for over-charges made before July 31, 1951, when the amendment to the above act became effective, giving the Federal Courts jurisdiction of same "regardless of the amount involved", but made within the statutory one year before the filing of suit.

Defendant claims that since this suit involves less than $3,000, and the jurisdiction of this Court of this kind of proceeding did not extend to such smaller amounts till July 31, 1951, no over-charge made prior thereto can now be recovered, even in a suit instituted, as was this, after the statute empowered this Court to entertain such suits "regardless of the amount involved." Defendant cites Ellis v. Lynch, D.C.N.J. 1952, 106 F.Supp. 100, as supporting him, and in addition, certain other authorities clearly not in point.

Defendant misreads Ellis v. Lynch. Both in that case and in the preceding case of Schuman v. Greenberg, D.C. N.J.1951, 100 F.Supp. 187, with which the Ellis case conflicts, but as to another matter, this Court holds that "the erroneous commencement of the action in this Court did not defeat the right of the plaintiff to enforce a claim for damages based upon an over-charge demanded and received by the defendant within one year prior to the effective date of the amendments [in question]; the jurisdiction theretofore lacking was granted by the amendments and the plaintiff may now maintain the action based solely on the said claim." (Bracketed words are the Court's.) Both such decisions find that, even as to a suit instituted prior to the above amendment, recovery can be had of over-charges made prior thereto. This is on the principle that procedural statutes generally operate retrospectively, in the absence of language to the contrary.

A fortiori, this principle applies to a suit instituted after an amendment has taken effect, as here. Such principle is indeed generally recognized.

"* * * statutes or amendments pertaining to procedure are generally held to operate retrospectively, where the statute or amendment does not contain language clearly showing a contrary intention. Indeed in the absence of a saving clause, a new law changing a rule of practice is generally regarded as applicable to all cases then pending. A fortiori, a statute or amendment which furnishes a new remedy but does not impair or affect any contractual obligations or disturb any vested rights, is applicable to proceedings begun after its passage, though relating to acts done previously thereto." 50 Am.Jur.Statutes § 482.

Plaintiff will present an order for judgment for treble damages accordingly.