**Roland COVINGTON and Woodrow Taylor, Co-Partners, doing business as National Construction Company, Plaintiffs,**

v.

**The UNITED STATES of America, Acting By and Through the DEPARTMENT OF the AIR FORCE, Base Procurement Office, Headquarters 454th Combat Support Group (SAC), Columbus Air Force Base, Mississippi, Defendant.**

**No. Ec 6932.**

United States District Court
N. D. Mississippi, E. D.

Sept. 12, 1969.

Hunter M. Gholson, Columbus, Miss., for plaintiffs.

William M. Dye, Jr., Asst. U. S. Atty., Oxford, Miss., for defendant.

KEADY, Chief Judge.

## MEMORANDUM OPINION

On December 17, 1965, the United States Air Force began soliciting bids for the construction of a Child Care Center at Columbus Air Force Base in Lowndes County, Mississippi. Plaintiffs' preliminary bid was accepted on the condition that certain changes in the technical proposals therein contained would be made. Plaintiffs, engaged in construction business at Aberdeen, Mississippi, then hired engineers-architects to make the necessary revisions and re-filed the bid for final acceptance. On October 7, 1966, the Air Force rejected this bid, which was for $96,120, on the ground that only $75,100 was authorized for the project. On June 3, 1968, plaintiffs filed a petition under 28 U.S.C. § 1491 in the United States Court of Claims, No. 170–68, which asserted a quasi-contractual claim arising out of this matter against the United States in the amount of $15,612, consisting of $6,000 paid for engineers' fee and $9,612 loss of profits. In that proceeding, plaintiffs alleged that they had relied on the representations of government agents who had promised them as late as June 1, 1966, that once the tech-

nical proposals were accepted, the government would award the contract to the low bidder, plaintiffs here.

On January 17, 1969, the Court of Claims sustained, without comment, the government's motion for summary judgment, citing as authority Kyer v. United States, 369 F.2d 714, 177 Ct.Cl. 747 (1966), cert. denied 387 U.S. 929, 87 S.Ct. 2050, 18 L.Ed.2d 990 (1967), and Heyer Products Co. v. United States, 177 F. Supp., 251, 147 Ct.Cl. 256 (1951).[1] The record does not reveal whether plaintiffs appealed the adverse decision of the Court of Claims.

On June 2, 1969, plaintiffs filed suit in federal district court pursuant to 28 U.S.C. § 1346(b), the Federal Tort Claims Act, alleging that defendant made certain oral and written representations of fact which tortiously and fraudulently induced plaintiffs to spend time and money designing proposals for the Child Care Center and in reliance thereon plaintiffs incurred $6,500 actual expenses sued for. Defendant has moved for summary judgment asserting that the suit is barred by (1) the applicable two-year statute of limitations, 28 U.S.C. § 2401(b), and (2) 28 U.S.C. § 2680(h), which forbids recovery under the Federal Tort Claims Act in all cases arising out of deceit and misrepresentation. This case is now before the court upon that motion.

The statute of limitations which was applicable to actions under the Federal Tort Claims Act at the time plaintiffs's tort claim allegedly accrued was 28 U.S.C. § 2401(b).[2] Under that statute

---

1. The *Kyer* case, 369 F.2d at pp. 717–718, held that where no appropriations are made or authorized for a project, public funds may not be used for it, and, therefore, the Court of Claims had no jurisdiction of such a claim. Apparently, the Child Care Center project involved the use of non-appropriated funds. The *Heyer* case held that the low bidder on a government contract which was awarded to another could not recover lost profits in the Court of Claims in the absence of congressional consent to such a suit on quasi-contractual grounds.

2. "(b) A tort claim against the United States shall be forever barred unless action is begun within two years after such claim accrues or within one year after the date of enactment of this amendatory sentence, whichever is later, or unless, if it is a claim not exceeding $2,500, it is presented in writing to the appropriate Federal agency within two years after such claim accrues or within one year after the date of enactment of this amendatory sentence, whichever is later. If a claim not exceeding $2,500 has been presented in writing to the appropriate Federal

plaintiffs had two years from the date their tort claim accrued within which to commence action in federal district court. Plaintiffs' tort claim accrued certainly no later than October 7, 1966, the date plaintiffs first had clear knowledge that they had relied to their detriment on the government's alleged misrepresentations contained in letters written by Air Force officials from December 17, 1965, to June 1, 1966. The government urges that plaintiffs' claim is barred by the two-year statute since plaintiffs did not file suit in federal district court until June 2, 1969, more than 31 months after accrual of claim.

■■■ Plaintiffs argue that the mere filing of suit in the Court of Claims was sufficient to toll the running of the limitation period even though the Court of Claims lacked jurisdiction to hear the case. In Ellis v. Lynch, 106 F.Supp. 100 (D.C., 1952), the United States District Court of New Jersey held that a suit filed in a court which has no jurisdiction is a nullity and cannot toll the running of the statute. An exception to the *Ellis* rule exists in cases where a court, although lacking jurisdiction of the subject matter, does have the power to transfer the case to the appropriate court. Herb v. Pitcairn, 325 U.S. 77, 65 S.Ct. 954, 89 L.Ed. 1483 (1945). The case at bar was not such a case. The Court of Claims had neither jurisdiction

of plaintiffs' quasi-contract action nor power to transfer it to the proper court. Thus, the bare filing of suit in the Court of Claims did not operate to suspend the two-year limitation period. Plaintiffs further contend that the pendency of their suit in the Court of Claims prevented them from filing suit in any other court, that this situation was a "disability", akin to that of minority or mental incompetency, which would prevent the running of the statute until that proceeding was terminated. To support this contention plaintiffs cite Glenn v. United States, D.C., 129 F.Supp. 914, reversed 9 Cir., 231 F.2d 884, cert. denied 352 U.S. 926, 77 S.Ct. 223, 1 L.Ed. 2d 161 (1956), but they apparently have overlooked the fact that in *Glenn* the Ninth Circuit Court of Appeals reversed the district court's decision and squarely held that disability of minority does not toll the running of the two-year statute of limitations of the Federal Tort Claims Act.[3]

The Fifth Circuit adopted the same strict view in Simon v. United States, 244 F.2d 703 (5 Cir., 1957), where a federal tort claim of a minor plaintiff was dismissed for failure to bring the action within two years after the claim had accrued. The Court stated:

"In full agreement with the position of the United States, we think it clear that appellant's insistence is in direct

---

agency within that period of time, suit thereon shall not be barred until the expiration of a period of six months after either the date of withdrawal of such claim from the agency or the date of mailing notice by the agency of final disposition of the claim."

3. Glenn v. United States, 9 Cir., 231 F. 2d 884, 886:

"In this situation, one must look and sniff for Congressional footprints around the statute. The Congressional history must be examined. When that is done, it seems certain that the government's position is correct here.

\* \* \* \* \*

Section (b) goes back to the Federal Tort Claims Act, which started with a built-in limitation of one year, without express qualification for legal dis-

ability. Later the limitation of one year was extended to two years and again without tolling words to cover disabilities.

\* \* \* \* \*

There is no committee report and no Congressional colloquy or debate that sustains the position of plaintiff-appellee. Likewise, the reviser's notes which purported to pinpoint substantial changes in the judicial code are silent on any intent to have any tolling provisions wash into the Federal Tort Claims Act.

\* \* \* \* \*

[H]istorically legislative bodies in waiving sovereign immunity have done so timidly, not venturesomely. The waivers are usually highly circumscribed and an intent to broaden the circle is not to be lightly found."

conflict with the fundamental principle of law controlling here, that when, as in the Federal Tort Claims Act, the sovereign, by statute creating a cause of action and consenting to be sued upon it, makes it clear that the consent of the United States to be sued in tort is conditioned upon the suit's being filed within the time fixed in the Act and not otherwise, exact compliance with the terms of consent is a condition precedent to suit."

Thus, plaintiffs' "disability" argument must fail.

■ Plaintiffs also assert that they tolled the running of the statute by filing a claim with a "federal agency", i. e., the Air Force, thereby complying with the second clause of § 2401(b).[4] Assuming arguendo that plaintiffs did file such a claim, it, too, is unavailing, since the second clause of § 2401(b) applies only to claims not exceeding $2,500, and plaintiffs' claims at all times exceeded that amount.

■■ There is no merit in the suggestion that the 1966 amendment to § 2401(b), which omits the $2,500 limitation and makes other radical changes in the law, applies to plaintiffs' claim.[5] Clearly, such is not the case. The 1966 amendment to § 2401(b) applies only to claims accruing 6 months or more after July 18, 1966 (Pub.L. 89–506). Plaintiffs' claim having accrued not later than October 7, 1966, this amendment is clearly inapplicable, and the tort claim of plaintiffs is time-barred.

■■ Additionally, the government's second contention, which sets up 28 U.S.C. § 2680(h)[6] as a bar to this suit, is also valid. § 2680(h) excludes all tort claims against the United States arising out of deceit or misrepresentation. The present claim is characterized by the government as precisely such a claim, but plaintiffs argue that their case sounds in "fraudulent inducement", and not in "factual misrepresentation". Such verbal niceties will not remove this case from the exclusionary terms of § 2680 (h). The language of that section has consistently been broadly construed by the courts to exclude all actions for deceit and misrepresentations whether the misrepresentations were made deliberately, recklessly or negligently. Hall v. United States, 274 F.2d 69 (1959); Jones v. United States, 207 F.2d 563 (1953), cert. denied 347 U.S. 921, 74 S.Ct. 518, 98 L.Ed. 1075, reh. denied 347 U.S. 940, 74 S.Ct. 627, 98 L.Ed. 1089. All claims of fraud of any type are excluded from the operation of the Federal Tort Claims Act, and this would include both fraud in factum as well as in inducement, both actual and constructive fraud, intrinsic and extrinsic fraud, and other species of deceit or false representation. In the case at bar it was defendant's alleged misrepresentations which induced plaintiffs' reliance thereon, giving rise to their tort claim, and whether plaintiffs style their cause of action fraudulent inducement or otherwise, it still bottoms on alleged factual misrepresentations and is barred by § 2680(h).

Since there is no genuine issue of any material fact raised by the pleadings and evidentiary material contained in the

---

4. "(b) * * * or unless, if it is a claim not exceeding $2,500, it is presented in writing to the appropriate Federal agency within two years after such claim accrues or within one year after the date of enactment of this amendatory sentence, whichever is later."

5. "(b) A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented. As amended July 18, 1966, Pub.L. 89–506, § 7, 80 Stat. 307."

6. "Exceptions:
 The provisions of this chapter and section 1346(b) of this title shall not apply to—
 * * * * *
 (h) Any claim arising out of * * * *misrepresentation, deceit*, or interference with contract rights." (Emphasis added)

jacket file and defendant is entitled to prevail as a matter of law, summary judgment in favor of the government shall be granted.