**Clyde E. WILLIAMSON d/b/a Triangle 44 Farms, Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF AGRICULTURE, et al., Defendants.**

**Civ. A. No. W85–0031(B).**

United States District Court, S.D. Mississippi, W.D.

April 11, 1986.

Eugene A. Booth, Baton Rouge, La., John E. Mulhearn, Jr., Natchez, Miss., for plaintiff.

Dan M. McDaniel and George Phillips, Jackson, Miss., Patrick C. Murphy, U.S. Dist. Atty., Office of the Gen. Counsel, Little Rock, Ark., for defendants.

## MEMORANDUM OPINION AND ORDER

BARBOUR, District Judge.

The Court has before it the Motion of Defendants, United States Department of Agriculture; John R. Block, Secretary of Agriculture; the Farmers Home Administration ("FmHA"); James L. Perry, Don Barrett and John Author, former Mississippi State Directors of the FmHA; Dan Mattox, Acting State Director of the FmHA; and Henry Mangum, Wesley A. Kent and Joe T. Dockins, employees of the FmHA in Mississippi, to Dismiss and for Summary Judgment[1] primarily on the basis of lack of personal and/or subject matter jurisdiction and failure to state a claim upon which relief can be granted.

## FACTS

Plaintiff, Clyde E. Williamson, d/b.'a Triangle 44 Farms, a farmer in Adams County, Mississippi, alleges that Defendant, Joe T. Dockins, the FmHA County Supervisor for Adams County, with the "aid, encouragement and approval of his state level supervisors," violated his constitutional rights by the taking of his property, by interfering with third-party contracts and by attempting to institute criminal proceedings against him. Plaintiff contends that the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2761, *et seq.* and *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), provide him with a cause of action against Defendants and a remedy for Defendants' alleged negligent and unconstitutional acts. Specifically, Plaintiff alleges that Dockins and the other Defendants violated his constitutional rights by: (1) accusing him of misuse of FmHA funds and requiring him to sell some of his property to satisfy an FmHA indebtedness in order to obtain further FmHA loans; (2) notifying the Small Business Administration, without Plaintiff's consent, that Plaintiff did not want disaster loans for which he had applied and had obtained approval; (3) converting crop proceeds upon which a commercial lender had a lien to their use and causing him to default on his loan to the commercial lender; (4) failing to properly credit payments to his account; (5) claiming that he misappropriated FmHA security after manipulating Plaintiff's field reports to indicate that he had planted and harvested more crops than he did; (6) interfering with the sale of a truck of Plaintiff by wrongfully telling the prospective buyer that the FmHA had two mortgages on the truck and that it would not be sold until the mortgages were satisfied; (7) interfering with Plaintiff's lease on Wayside Plantation, which subjected him to suit by the lessors for breach of the lease; and (8) reneging on a promise to finance Plaintiff's farming operation after he agreed to give the FmHA the proceeds

---

1. According to the Federal Rules of Civil Procedure Rule 12(b), a motion to dismiss for failure to state a claim will be automatically converted into a Rule 56 motion for summary judgment upon submission to the court of matters outside the pleadings. *See also Williamson v. Tucker,* 645 F.2d 404, 412 (5th Cir.1981). Since the parties submitted affidavits in support of their positions, the Court, in deciding Defendants' Motion, must take all the Plaintiff's allegations as true and determine whether there are any genuine issues of material fact to preclude summary judgment. *Id.*

of a loan obtained from another lender. Defendants, of course, deny these allegations and contend that the actions of the FmHA did not constitute constitutional violations but rather discretionary functions performed in discharging their loan administration duties which include processing of loan applications and making loans, completing crop production reports, determining loan program eligibility, obtaining and protecting security and filing proofs of claims in bankruptcy actions. Defendants also submit that if constitutional violations occurred, then they are protected by absolute or qualified immunities.

For the following reasons, we grant Defendants' Motion. Therefore, other grounds for dismissal advanced by Defendants will not be addressed.

### FTCA

The FTCA provides a remedy for "negligent or wrongful act or omission" by an officer or employee of the federal government acting within the scope of his employment. 28 U.S.C. § 2672. Thus, the FTCA provides a waiver of the sovereign immunity of the United States for negligence actions with certain exceptions.

■ To assert a claim in federal court under the FTCA, a claimant is required by § 2675(a) to first present his claim to the appropriate federal agency for disposition. This requirement of administrative exhaustion is a jurisdictional prerequisite to suit and is not satisfied by the filing of a complaint. *Best Bearings Company v. United States*, 463 F.2d 1177, 1179 (7th Cir.1972). Plaintiff's failure to comply with § 2675(a) would prevent disposition of Plaintiff's claim at this time under *Hessbrook v. Lennon*, 777 F.2d 999 (5th Cir.1985), assuming Plaintiff's FTCA claim is not barred by the statute of limitation as the FmHA implies. However, other grounds indicate that Plaintiff's FTCA claim should be finally dismissed.

As stated, the FTCA does contain certain exceptions. One exception from the waiver of sovereign immunity, contained in § 2680(a), states that the waiver of sover-

eign immunity provided for by the Act does not apply to:

> [a]ny claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

Another exception, contained in § 2680(h), exempts from the application of the Act:

> [a]ny claim arising out of ... misrepresentation ... or interference with contract rights.

■ Since the United States can only be sued to the extent that it has waived sovereign immunity, if an exception in § 2680 applies to a claim for relief against the Government, such claim cannot be maintained under the Act. *Garbarino v. United States*, 666 F.2d 1061, 1065 (6th Cir. 1981). Accordingly, government officials enjoy absolute immunity from claims for abuse of discretion, even though malice is alleged, and for misrepresentation or interference with contract rights. *Relco, Inc. v. Consumer Product Safety Commission*, 391 F.Supp. 841, 846 n. 9 (S.D.Tex.1975).

■ To determine whether a complaint states a claim falling within the exceptions contained in § 2680, the substance of the claim and not the language used to assert it controls. *Gaudet v. United States*, 517 F.2d 1034, 1035 (5th Cir.1975).

■ Clearly, the acts complained of by Plaintiff as stated above, fall within the exceptions to the Act contained in §§ 2680(a) and (h). The discretionary function exemption affords the government a defense where there is room for policy judgment and decision making where, as here, loan eligibility, processing and servicing is involved. *Moffitt v. United States*, 430 F.Supp. 34, 38 (E.D.Tenn.1976). Plaintiff has not alleged or shown that Defend-

ants lost the protection of the exemption in § 2680 by violating a duty imposed by law to perform a mandatory act. *Id. See also, Dalehite v. United States,* 346 U.S. 15, 36, 73 S.Ct. 956, 968, 97 L.Ed. 1427 (1953).

■ Likewise, § 2680(h) bars Plaintiff's claim against the United States for tortious interference with contract rights, *Goodman Group, Inc. v. Dishroom,* 679 F.2d 182, 187 (9th Cir.1982), and his claim for misrepresentation. *Covington v. United States Department of Air Force,* 303 F.Supp. 1145, 1149 (N.D.Miss.1969). Accordingly, even if Plaintiff had complied with § 2675(a) by submitting a claim to the appropriate federal agency which is a condition precedent to the maintenance of suit against the government under the Act, *Best Bearings Company v. United States,* 463 F.2d 1177, 1179 (7th Cir.1972), Plaintiff's claims against the government are precluded by the exemptions contained in § 2680.

### BIVENS

Plaintiff also claims that Defendants' actions arise to the level of constitutional violations which are actionable under *Bivens,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). *Bivens* actions are "premised on the theory that victims of a constitutional violation by a federal agent have an implied right of action to recover damages against the official absent any statute conferring such a right." *Hessbrook v. Lennon,* 777 F.2d 999, 1001 (5th Cir.1985). Thus, "a plaintiff seeking a damage remedy under the Constitution must first demonstrate that his constitutional rights have been violated." *Id.* at 1005.

■ In this case, Plaintiff alleges that his constitutional rights have been violated by, in essence, a taking of his property without due process of law. Although not alleged, Plaintiff's complaint could also encompass a Fifth Amendment substantive due process claim. However, Plaintiff has not established that Defendants' actions rise to the level of constitutional violations, particularly in light of the nature of the federal programs involved and the substantial discretion committed to those administering them. *Bass v. United States Department of Agriculture,* 737 F.2d 1408, 1416 (5th Cir.1984) (concurring opinion); *McCachren v. United States Department of Agriculture,* 599 F.2d 655 (5th Cir.1979). Moreover, based upon the affidavits submitted by the parties, there is only the possibility that the Defendants abused their discretion in servicing and administering Plaintiff's loans. There is no indication that Defendants intentionally violated Plaintiff's constitutional rights as required to assert a *Bivens* claim. As stated in *Bass v. United States Department of Agriculture,* 737 F.2d at 1415,

...the entire issue in the judicial review of administrative action always is whether the administrative decision was erroneous. *The Constitution is not implicated unless the decision goes beyond mere error to an intentional or reckless disregard of the constitutional rights of the person against whom the administrative decision is made. Mere failure to make the "correct" administrative decision does not rise to the level of a constitutional violation.* [Emphasis added].

Since Plaintiff fails to establish a violation of his constitutional rights but, at most, implicates only an abuse of discretion, and since he fails to allege that the administrative decisions were intentionally made, Plaintiff's *Bivens* claim is hereby dismissed.

A final judgment in accordance with this Opinion dismissing this action with prejudice will be entered simultaneously with this Memorandum Opinion and Order.