UNITED STATES of America, Plaintiff,

v.

KEN MAR ASSOCIATES, LTD., et al., Defendants.

No. CIV–83–1805–P.

United States District Court,
W.D. Oklahoma.

Oct. 27, 1987.

William S. Price, U.S. Atty., Eleanor D. Thompson and Robert A. Bradford, Asst. U.S. Attys., Oklahoma City, Okl., for plaintiff.

Robert H. Macy, Dist. Atty., Phullis L. Walta, Asst. Dist. Atty., Oklahoma City, Okl., Charles E. Malson, Bethany, Okl., James A. Jennings and David Harbour, Oklahoma City, Okl., for defendants.

## ORDER

PHILLIPS, District Judge.

### A. PLAINTIFF'S MOTION TO DISMISS

This matter comes before the Court for consideration of the Motion to Dismiss defendant's counterclaims for lack of subject matter jurisdiction, filed by plaintiff, United States of America. Defendant, Enterprise Industries of Oklahoma, has responded in opposition.

Plaintiff contends sovereign immunity bars defendant's counterclaims for abuse of discretion, fraud and interference with contract. Defendant claims the plaintiff has waived sovereign immunity pursuant to 11 U.S.C. Section 106.

Plaintiff commenced this action on July 23, 1983, to foreclose a mortgage held by the Secretary of Housing and Urban Development ("HUD"). Defendant filed a Chapter 11 Bankruptcy Petition on September 2, 1983. Plaintiff sought and received relief from the automatic stay in the bankruptcy proceeding in order to go forward with the foreclosure action.

On October 30, 1986, the Court granted partial judgment against the defendants Ken Mar Associates, Ltd. and ordered the property to be sold at foreclosure. The foreclosure sale has been completed and confirmed. The only remaining issues in the case are defendant's counterclaims for abuse of discretion, misrepresentation or fraud, and interference with contract.

Jurisdiction in the district court rests on 28 U.S.C. Section 1346(b), which permits suits against the United States. *Small v. United States*, 333 F.2d 702 (3rd Cir.1964). 28 U.S.C. § 1346(b) provides in part:

... the district courts shall have exclusive jurisdiction of civil actions on claims against the United States ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

The doctrine of sovereign immunity has always been a bar to suit against the United States, absent the government's consent to be sued. *United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed. 2d 607 (1980); *United States v. Sherwood,*

312 U.S. 584, 586–87, 61 S.Ct. 767, 769–70, 85 L.Ed. 1058 (1941); *Stubbs v. United States*, 620 F.2d 775, 779 (10th Cir.1980). The government has consented to be sued under the Federal Tort Claims Act, which waives immunity of United States, *United States v. Kubrick*, 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979), allowing the government to be liable in tort for negligent or wrongful acts committed by a government employee acting within the scope of his employment when a private person would be liable for those acts under applicable law. *Jayvee Brand, Inc. v. United States*, 721 F.2d 385 (D.C.Cir.1983). The Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671–2680, is designed to render the United States liable for its torts in the same manner and the same extent as a private individual. *Beesley v. United States*, 364 F.2d 194 (10th Cir.1966).

However, Congress has provided certain exceptions to this waiver of sovereign immunity. 28 U.S.C. § 2680. If a claim falls within any exception to the Federal Tort Claims Act, the Court is without jurisdiction to hear the case. *Monaco v. United States*, 661 F.2d 129 (9th Cir.1980) *cert. denied*, 456 U.S. 989, 102 S.Ct. 2269, 73 L.Ed.2d 1284 (1982). 28 U.S.C. Section 2680 provides in part:

> The provisions of this chapter [28 U.S.C. §§ 2671–2680] and Section 1346(b) of this title shall not apply to—
>
> (a) Any claim based upon an act or omission of an employee of the Government, exercising due care ... or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.
>
> (h) Any claim arising out of assault ... misrepresentation, deceit, or interference with contract rights ...

It is plaintiff's contention that all of defendant's counterclaims fall within the specified exceptions to the Federal Tort Claims Act, thereby preventing this Court from having subject matter jurisdiction.

■ Defendant's first counterclaim is that plaintiff did not properly exercise its discretion in determining whether to approve or disapprove a sales contract offered by defendants. In waiving sovereign immunity under the Federal Tort Claims Act, the United States is not liable for claims based on the exercise of, or failure to exercise or perform, a discretionary function or duty on the part of a federal agency or government employee. *Blitz v. Boog*, 328 F.2d 596 (2d Cir.1964); *cert. denied*, 379 U.S. 855, 85 S.Ct. 106, 13 L.Ed.2d 58; *Jackson v. Kelly*, 557 F.2d 735 (10th Cir.1977). Though the United States has waived its traditional immunity under certain circumstances, it is not subject to liability for claims arising out of the exercise of a discretionary function, whether or not the discretion involved has been abused. *See Morton v. United States*, 228 F.2d 431 (D.C.Cir.1955), *cert. denied*, 350 U.S. 975, 76 S.Ct. 452, 100 L.Ed. 845 (1956). Defendants' counterclaim for abuse of discretion clearly falls within an exception to the waiver of sovereign immunity under the Federal Tort Claims Act, and is therefore not actionable.

■ Defendant's next counterclaim is an action for fraud. No recovery may be had by virtue of the specific exceptions carved out under 28 U.S.C. § 2680 for a claim arising out of fraud or misrepresentation. *Reynolds v. United States*, 643 F.2d 707 (10th Cir.1981). Consent to sue the United States is not provided under sections 1346(b) and 2671–2680 of Title 28, for claims arising out of misrepresentation or deceit. *See City and County of San Francisco v. United States*, 615 F.2d 498 (9th Cir.1980). All fraud claims are excluded from operation of this chapter [28 U.S.C. §§ 2671–2680] and 1346(b), including fraud in factum, fraud in the inducement, both actual and constructive fraud, intrinsic and extrinsic fraud, and other species of deceit or false representation. *Covington v. United States, Department of the Air Force*, 303 F.Supp. 1145 (N.D.Miss.1969). In the instant case, the claim for fraud must fail, in that the United States has not waived its sovereign immunity and subjected itself to liability for this type of claim.

Fraud lies within the specific exceptions to the government's consent to be sued for actions in tort. 28 U.S.C. § 2680. For these reasons, defendant's counterclaim for fraud must be dismissed.

■ Defendant's final counterclaim alleges interference with contract. Once again, this type of claim must fall within the category of tort actions to which the United States has waived its sovereign immunity in order to withstand plaintiff's Motion to Dismiss. In the case of *Diminnie v. United States*, 728 F.2d 301 (6th Cir. 1984), *cert. denied*, 469 U.S. 842, 105 S.Ct. 146, 83 L.Ed.2d 85 (1984), the court held that claims of libel, slander and interference with contract rights were barred by section 2680(h) of the Federal Tort Claims Act. Consent to sue the United States is not provided under the Federal Tort Claims Act for claims arising out of interference with contract rights. *City and County of San Francisco v. United States*, 615 F.2d 498 (9th Cir.1980). Section 2680(h) excludes invocation of the relief granted under the Tort Claims Act and 28 U.S.C. § 1346(b) in instances where there is interference, negligent or otherwise, by a government employee or officer, with contractual rights of an aggrieved individual. *Dupree v. United States*, 264 F.2d 140 (3rd Cir.1959), *cert. denied* 361 U.S. 823, 80 S.Ct. 69, 4 L.Ed.2d 67 (1959). The United States is immune from suit for a claim based on tortious interference with contract rights. *Goodman Group, Inc. v. Dishroom*, 679 F.2d 182 (9th Cir.1982).

Defendant's counterclaim for interference with contract must fail for lack of subject matter jurisdiction, as the United States has not consented to being sued for this cause of action.

■ Defendant contends plaintiff has waived sovereign immunity pursuant to 11 U.S.C. Section 106, a provision of the Bankruptcy Code. Section 106 provides in part:

(a) A governmental unit is deemed to have waived sovereign immunity with respect to any claim against such governmental unit that is property of the [bankruptcy] estate and that arose out of the same transaction or occurrence out of which such governmental unit's claim arose.

Section 106 provides for a limited waiver of sovereign immunity in bankruptcy cases. Notes of the Committee on the Judiciary, Senate Report No. 95–989. In order for this waiver to take effect, two requirements must be met that are absent in the present case. First, the government must file a claim against the estate, requesting its share of the distribution to creditors. *See In re Community Hospital of Rockland County*, 5 B.R. 11 (S.D.N.Y.1980). Second, a bankruptcy estate must exist in order for Section 106 to be applicable to the present situation. 11 U.S.C. Section 103(a).

The record of the bankruptcy proceedings of defendants reflect that no claim has ever been filed by the government against defendant's bankruptcy estate. More importantly, though, on August 10, 1987, the bankruptcy court dismissed defendant's bankruptcy case. *See* Order of Dismissal, *In re: Enterprise Industries of Oklahoma, Inc.*, BK No. 83–2352–A, Chapter 11, in the United States Bankruptcy Court for the Western District of Oklahoma.

Without the application of 11 U.S.C. § 106, no waiver of sovereign immunity by plaintiff has occurred. Therefore, for the reasons set forth above, this Court lacks subject matter jurisdiction over defendant's counterclaims of abuse of discretion, fraud, and interference with contract. Accordingly, plaintiff's Motion to Dismiss for Lack of Subject Matter Jurisdiction is GRANTED.

### B. SANCTIONS FOR NON–COMPLIANCE WITH PRETRIAL ORDERS

■ The Court has previously expressed its concern with regard to the late filing of plaintiff's Motion to Dismiss. Plaintiff's motion was filed on September 3, 1987, in a case that was set on this Court's September 14th trial docket. Defendant's response time had not expired on the date that this case was to go to trial. In fact, this case was second on the Court's September 14, 1987 trial docket, and had to be moved to the end of the docket due to the filing of plaintiff's Motion to Dismiss on

the eve of trial. Defendant filed an expedited response to this motion on September 17, 1987. It is clear that plaintiff's motion should, and could, have been filed in accordance with the Court's previous scheduling order.

On October 9, 1986, the previous judge assigned to this matter, the Honorable Wayne E. Alley, set certain deadlines. All dispositive motions were to be filed by May 11, 1987, but plaintiff chose to file its Motion to Dismiss almost four months later. In the hearing held in this matter on September 11, 1987, Roger Griffith, Chief of the Civil Division of the United States Attorney's Office for the Western District of Oklahoma, acknowledged to the Court that the circumstances and evidence supporting the government's filing of the Motion to Dismiss were in existence at the time of the May 11 deadline. The responses by government counsel at that hearing to the inquiries of the Court raise serious questions about the government's diligence in this litigation. While subject matter jurisdiction may be raised at any time, the government's failure to comply with the scheduling orders of this Court created a substantial hardship on both the Court and opposing counsel. Indeed, opposing counsel were required to respond to a dispositive motion in the midst of trial preparation, which motion should have been filed almost four months earlier. At the time of the deadline for filing dispositive motions, May 11, 1987, counsel for the United States was Eleanor D. Thompson. On August 12, 1987, prior to the filing of the Motion to Dismiss for Lack of Subject Matter Jurisdiction, Ms. Thompson asked Mr. Griffith if this case could be reassigned to another attorney. At that time, Mr. Griffith reviewed the file and became aware of the unmet deadlines and the continued existence of grounds for a Motion to Dismiss for Lack of Subject Matter Jurisdiction. Mr. Griffith attended a settlement conference on August 20, 1987, and subsequently, on August 29, 1987, assigned the case to Robert A. Bradford, Assistant U.S. Attorney.

Mr. Griffith acknowledges at page 3 of his September 17, 1987, affidavit that the government did not comply with items 10 and 17 of the scheduling order established by Judge Alley, pertaining to dispositive motions and proposed findings respectively. With respect to these deadlines, the Court has considered, and rejected, Ms. Thompson's statement at the September 11, 1987, hearing to the effect that once the case was transferred to this Court "all other deadlines are stayed pending that dispositive motion being decided by the Court." Transcript of September 11, 1987, at 22. This is neither a recognized rule nor practice in the Western District of Oklahoma. Moreover, the adoption of such a policy, i.e., allowing the parties to unilaterally ignore remaining deadlines while motions were pending before the Court, would throw our system into utter chaos, particularly when, as here, the parties' decision was not communicated to or approved by the Court.

Counsel for Enterprise Industries, however, is also at fault for failure to comply with the pretrial scheduling orders of this Court. The final pretrial Order in this case was due on July 6, 1987. No pretrial Order was submitted to the Court until September 11, 1987, over two months late. Although all pretrial submissions are important to the Court, the final pretrial order is the essential tool for the Court in preparing for individual cases and in managing its overall trial docket. Rule 17 of the Local Rules of the Western District of Oklahoma squarely places the responsibility on plaintiff to ensure the timely filing of the document. Similarly, the rule requires opposing counsel to cooperate fully to ensure the timely filing of the final pretrial Order. As of October 30, 1986, the only remaining claim in this case was the counterclaim of Enterprise Industries against the United States, which claim is the subject of this Order. Accordingly, as of July 6, 1987, the Local Rules of this district required both parties to jointly ensure that a final pretrial Order was filed in accordance with the scheduling order of this Court. Due to Enterprise Industries' status as the plaintiff in the remaining counterclaim, the initial burden for the preparation and filing of a final pretrial order rested with counsel

for Enterprise Industries, coupled with adequate cooperation from counsel for the government. In this regard, the parties failed miserably. Instead, the pretrial order was not presented to the Court until September 11, 1987, over two months after it was due, over one month after this case had been docketed for trial, and two days after the final docket call of this Court on September 9, 1987.[1]

The hearing held in this matter on September 11, 1987, as well as the affidavits filed by counsel pursuant to the Order of this Court, reflect that the parties also ignored and/or failed to comply with other pretrial scheduling orders of this Court. On June 29, 1987, proposed findings of fact and conclusions of law, the Joint Statement of the case and trial briefs were to be filed. None were filed on behalf of either party. Final contentions of Enterprise Industries, due May 14, 1987, were not filed until May 26, 1987. Rod D. McKenzie, counsel for Enterprise Industries, acknowledged at p. 2 of his September 15, 1987, affidavit, that at least four categories of pretrial filings, three of which were directly applicable to this case, were not filed in accordance with the Court's pretrial scheduling order of October 9, 1986.

In managing and controlling its ever-increasing caseload, the Court has the inherent and statutory power to sanction the defaulting party or an attorney by *sua sponte* dismissing the action. Fed.R.Civ.P. 16(f), 28 U.S.C.A.; *Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *In Re Baker*, 744 F.2d 1438, 1442 (10th Cir.1984). In exercising this power, the Court has the authority to enforce its orders with a view to promptly processing and adjudicating its lawsuits. *Stanley v. Continental Oil Co.*, 536 F.2d 914 (10th Cir.1976).

The Court also has broad discretion in fashioning appropriate sanctions under Rule 16(f) for failure to comply with the pretrial orders of this Court. *American Medical Systems v. Picker International,* No. 85–1619, slip op. (10th Cir. March 30, 1987). Based on the hardship created by counsel in this matter as a result of (1) the failure to comply with the pretrial scheduling orders of this Court, (2) the failure to comply with Local Rule 17, and (3) the failure to adequately cooperate, communicate and prepare this case for trial and/or disposition, IT IS HEREBY ORDERED AS FOLLOWS:

1. It is ordered that counsel for Enterprise Industries provide an affidavit to the Court on or before November 16, 1987, showing the fees and costs reasonably incurred in responding to plaintiff's Motion to Dismiss for Lack of Subject Matter Jurisdiction.

2. The Court directs that counsel for Enterprise Industries, Gary L. Richardson and Ron D. McKenzie, and counsel for United States of America, Eleanor D. Thompson, stand reprimanded and that a copy of this Order be provided all other judges and magistrates of this Court and all bankruptcy judges for the Western District of Oklahoma.[2] Further, copies will be provided the Clerk of this Court and the Bankruptcy Court for the district with instructions that the clerks file the Order in such a way that the names of Mr. Richardson, Mr. McKenzie and Ms. Thompson may be retrieved with respect to this case in the event any of these persons are delinquent or sanctionable in any case in the future.

---

1. When Mr. Griffith raised the absence of a pretrial order with Mr. Gary Richardson, counsel for Enterprise Industries, at the settlement conference held before Magistrate Irwin on August 20, 1987, Mr. Richardson asked him "who was the plaintiff and who was the defendant." Griffith affidavit at 3. This conversation was six weeks after the pretrial order was due. The parties also acknowledged at the September 11 hearing that no discussions concerning the pretrial order took place prior to the July 6 deadline, further underscoring the parties' failure to comply with Local Rule 17 and Federal Rule 16(f).

2. The Court also considered imposing sanctions against Mr. Griffith for failing to adequately monitor this case. The record before the Court, however, does not contain sufficient evidence for this purpose. In the future, the Court will not hesitate to impose sanctions against supervising attorneys in an appropriate case.